## SNOWDEN *v.* WATERMAN & COMPANY.

In an action to recover damages for the breach of a contract the amount
ascertained to be proper compensation at the time of the breach may
be increased by the addition of interest; but the rule is not impera-
tive that it shall be done. Whether it will or not rests in the dis-
cretion of the jury. It was, therefore, error for the court to charge
that if the jury should under a given state of facts find for the plain-
tiff, their verdict ought to be for the damage sustained, together with
interest from the time of the breach. Since, however, there have
been three verdicts for the plaintiffs, direction is given that the sole
question for determination at the next trial shall be the amount to
which the plaintiffs are entitled.

Argued February 7, — Decided March 1, 1900.

Action for breach of warranty. Before Judge Eve. City
court of Richmond county. July term, 1899.

*E. B. Baxter* and *J. R. Lamar,* for plaintiff in error.
*W. H. Fleming, Irvin Alexander,* and *P. J. Sullivan,* contra.

LITTLE, J. Waterman & Company sued Snowden to recover
·damages for a breach of warranty in the sale of certain live stock.
The trial resulted in a verdict for the plaintiffs. It was
brought to this court, and the judgment reversed on certain
grounds, which are fully set out in the report and decision of
the case, 100 *Ga.* 588. The second trial also resulted in a ver-
dict for the plaintiffs, and the refusal of the trial judge to grant
a motion for new trial was excepted to and brought to this
court, and the judgment again reversed. The facts of the case,
and the ruling reversing the judgment for the second time, will
be found reported in the 105 *Ga.* 384. Another trial of the
case was had, and resulted for the third time in a verdict for the
plaintiffs. A motion was again made for a new trial, which
was overruled, and exceptions to that judgment are now pre-
sented for our consideration. It may be stated in general terms
that the action was brought to recover damages which the plain-
tiffs alleged they sustained because a car-load of mules which
they had purchased from the defendant was at the time of the
purchase infected with glanders, by reason of which the animals
were worthless, and also other sums in the nature of expenses
which it was alleged the plaintiffs paid out in connection with
the nursing, care, etc., of the mules. The jury returned a ver-

dict for the plaintiffs for $1,990. The defendant made a motion for a new trial, on the grounds, that the verdict was contrary to the law and the evidence and against the charge of the court, and that the court erred in charging the jury as follows: "If, after suspecting the presence of glanders or some other deadly disease among this stock, you find from the evidence that Waterman & Co. exercised such ordinary care as a prudent man would have done to have prevented the spread of the disease, then they did all that the law required, and your verdict ought to be for the plaintiffs for the damage sustained by them, together with all necessary and proper expenses, and for interest from the time the stock died." The specific error assigned to this charge is, that the law contemplates that the jury may, if they see fit, in a suit for damages for a breach of contract, include in their verdict interest, as an element of damages, but it does not require them to do so. We have no difficulty in disposing of all the grounds of the motion for a new trial adversely to the contentions of the plaintiff in error, except the error assigned to the charge of the judge. There was ample evidence to sustain the verdict, and, while it was conflicting, it was the province of the jury to determine the facts after weighing the evidence; hence there was no error committed in overruling the motion for a new trial on the grounds that the verdict was contrary to the law and the evidence. The same can not, however, be said in relation to the error assigned on the charge. Section 3800 of the Civil Code provides that the amount ascertained to be the damages resulting from a breach of contract may be increased by the addition of legal interest from the time of the breach to the date of the recovery; but that provision of law does not contemplate, nor mean, that interest must be added, nor that it may be returned separate and apart from the amount ascertained to be the damage. From the nature of the action, damages expressed in a gross sum should be returned if the verdict is for plaintiff; and if, in estimating the amount in any case, the jury should determine that interest from the time of the breach should be included, such interest should be added to the amount fixed as the actual loss of the plaintiff, and the whole returned as damages. *Western & Atlantic R. R. Co. v. Brown,* 102 *Ga.* 13.

But, aside from this, the judge charged that if under given circumstances the jury should find for the plaintiff, their verdict *ought to be* not only for the damage sustained, but also for interest, etc. By the rule of law the addition of interest as part of the damages is left to the judgment and discretion of the jury. The language of the judge was imperative; that of the statute leaves it permissive. The question whether it should be done rests in the discretion of the jury. The charge was therefore erroneous. *Central Railroad* v. *Sears,* 66 *Ga.* 499; *Western & Atlantic R. R. Co.* v. *Calhoun,* 104 *Ga.* 384. It is contended by counsel for the defendants in error that even if the court erred in this charge, the error did not enter into the verdict, because the evidence showed that the plaintiffs were entitled to the amount rendered, exclusive of the interest. We have very carefully examined the record to ascertain whether we can agree with this contention. The evidence in relation to the damage sustained was conflicting. It varied much in character, as well as in amount, and we can not say that, without the inclusion of interest, the jury would or would not have fixed the damages at the amount expressed in their verdict. In our opinion a substantial right of the defendant was jeopardized, and injury may have been caused him by this charge. If the jury had not understood that the direction to find interest on the amount ascertained to be damages was imperative, the sum returned might have been less. Whether it would or would not we can not, of course, say; but the defendant was entitled to have that question left entirely to the discretion of the jury in assessing the amount of damages. The judgment of the court in overruling the motion for a new trial must be reversed. Inasmuch, however, as there have been three verdicts in the plaintiffs' favor, direction is given that the next trial be had for the sole purpose of ascertaining the amount which the plaintiffs are entitled to recover. To this end the trial judge will instruct the jury that their right to damages has been established.

*Judgment reversed, with direction. All concurring.*