## PROCTOR *v.* CROOKER.

Where a petition alleged that defendant was indebted to plaintiff 10% of principal and interest as attorney's fees in a suit on notes providing only for reasonable attorney's fees, and defendant duly filed a plea denying owing such 10% as attorney's fees, it was error to strike said plea and refuse an amendment to same on the ground that said plea afforded no issuable defense.   The meaning of such plea could not be less than that 10% was not reasonable attorney's fees, and the effect of it was to make an issue for the jury.

Submitted November 27,—Decided December 19, 1907.

Complaint.   Before Judge Rawlings.   Toombs superior court. February 26, 1907.

*Lankford & Dickerson* and *Corbitt & Lankford,* for plaintiff in error.

HOLDEN, J.   This is an action based on two promissory notes. The 2d paragraph alleged that the defendant was indebted to the plaintiff certain amounts as principal and interest on the notes, copies of which were attached to the petition.   The 3d paragraph alleged that the defendant was indebted to the plaintiff in the sum of 10% of the principal and interest due on the notes as attorney's fees, and that written notice of intention to bring suit had been given as required by law.   The prayer of the petition was for judgment for "said principal, interest, and attorney's fees." The copies of the notes attached to the petition show that the only reference they contained as to attorney's fees was the following: "I further agree to pay reasonable attorney's fees and all costs for the collection of this note."   The defendant, at the appearance term, filed a verified answer, in which he denied the 2d para-

graph of the petition, and in answer to the 3d paragraph stated, "All of paragraph 3 is denied, except that notice was given of the intention to collect attorney's fees." At the trial term the defendant tendered an amendment to his plea, setting up various matters of defense. The court refused to allow the amendment, as appears from the record, because "the plea filed by the defendant was only a plea of the general issue, and as such could not be amended." The court then struck the original plea of the defendant, "because said plea was only a plea of the general issue, and because said plea made no sufficient defense to the suit as filed by the plaintiff." It does not appear from the record that there was made, or passed on by the court, any other objection to the amendment or to the original plea. After refusing to allow the amendment and striking the original plea, the court rendered judgment for "the amount sued for in plaintiff's petition." To these rulings of the court defendant filed a bill of exceptions, and brings the case here for review.

It will be seen from the petition that the plaintiff sued for 10% upon the principal and interest due on the notes as attorney's fees, whereas the defendant only agreed in the notes to pay reasonable attorney's fees. The defendant in his answer denied that portion of paragraph 3 of plaintiff's petition wherein it was alleged that defendant owed 10% of the principal and interest due upon the notes as attorney's fees. The meaning of such denial could not be less than that the attorney's fees claimed were not reasonable, and the effect of it was to create an issue for the jury. *Baker* v. *Richmond Works,* 105 *Ga.* 225 (31 S. E. 426). The plea filed by the defendant at the appearance term under oath making an issuable defense, the court committed error in striking the plea "because said plea was only a plea of the general issue and because said plea made no sufficient defense to the suit as filed by the plaintiff," and in refusing the amendment because "the plea filed by the defendant was only a plea of the general issue and as such could not be amended." The judgment of the court below is

*Reversed. All the Justices concur.*