WILSON *v.* LATTIMORE & WHITE.

</div>

ATKINSON, J.   1. The original petition was a suit for recovery of the value of services rendered by physicians under a contract of employment, where the amount to be paid was not stipulated.   The amendment offered to the petition was not open to the criticism that it set out a new cause of action, or that it introduced new parties, and the judge properly overruled the motion to strike it.

2. The plaintiffs alleged their services as surgeons to be of certain value, and introduced opinion evidence in support of the allegation.   The defendant pleaded that the services were unskillfully rendered, and that the plaintiffs were not entitled to recover on account of it, and introduced evidence touching the treatment given and its result upon the patient.   *Held,* that it was error to direct a verdict in favor of the plaintiffs for the amount claimed by them, but the issues raised by the pleadings and evidence should have been submitted to the jury.   In this connection see *Martin* v. *Martin,* 135 *Ga.* 162 (68 S. E. 1095), and citations; *Sanders* v. *Allen,* 135 *Ga.* 173 (68 S. E. 1102).

<div align="center">

*Judgment reversed.   All the Justices concur.*

DECEMBER 14; 1910.

</div>

Attachment.   Before Judge Charlton.   Chatham superior court. August 29, 1909.

Doctors J. Ralston Lattimore and George R. White, as copartners under the firm name of Lattimore & White, filed their declaration in attachment against R. T. Wilson Jr., in which, among other things, it was alleged that the defendant was "indebted to the plaintiffs in the sum of $250.00, together with interest thereon from the 23rd day of April, 1906, at 7 per cent. per annum, for medical services rendered his employee, H. F. Beach, said services being rendered to said R. T. Wilson Jr., at his instance and request, and for his account and credit, as will appear by an item-

ized statement of said account hereto attached as a part of this petition and referred to as exhibit 'A.' " The exhibit was a physician's bill for $250.00 for "Recision, setting, and subsequent treatment of compound comminuted fracture of right thigh bone." A demurrer was filed to the declaration, and the judge passed an order sustaining it, but allowing the plaintiffs time in which to amend to meet the objections urged by demurrer. Within the time allowed by the order the plaintiffs filed their amendment alleging: "That defendant, R. T. Wilson Jr., on or about the 25th day of December, 1905, he being then at his shooting preserve in Beaufort County, State of South Carolina, communicated by telephone with Dr. J. Ralston Lattimore, one of the plaintiffs, then at Savannah, Georgia, advising that one of his the said R. T. Wilson's employees, H. F. Beach, had suffered a dangerous gunshot wound; that he was sending his said employee on his (Wilson's) yacht to plaintiff for his professional attention, and that he wanted plaintiff to meet said Beach with an ambulance and take him to a hospital, meaning the Park View Sanitarium, and render him all reasonable attention, and that he, said Wilson, would be responsible therefor, and, upon further inquiry by Dr. J. Ralston Lattimore, explained that he wished his said employee given the required professional services and hospital attention at his, said Wilson's cost, and that he, said Wilson, would pay therefor. That, acting under these instructions, plaintiff met said Wilson's employee, Beach, at the yacht on its arrival at Savannah, and conveyed him in an ambulance to the Park View Sanitarium, where it was found that said Beach had received a dangerous gunshot wound in the left thigh, causing a compound fracture. Several small and large pieces of bone were removed from the wound, together with a quantity of burned flesh, which caused a large open wound, and an extensive loss of tissue. The condition of this wound necessitated from one to three daily dressings and frequent adjustments of the fractured bone, and the dangerous and serious condition of said Beach required medical and surgical services and attention on the part of the plaintiffs for a period of about 17 weeks, and until said Beach was sufficiently recovered to be discharged from the hospital. Plaintiffs show, that the undertaking of said Wilson to pay for the medical and surgical services rendered in the treatment of his said employee Beach was an original undertaking of said Wilson; that

the services were rendered to him the said Wilson, and upon his promise to pay therefor; and that the charges therefor are entirely reasonable and just." After the amendment was allowed the defendant moved to strike same on the grounds: "1st. That the said amendment adds a new and distinct cause of action; the attachment having been sued out and the declaration filed as a suit on account, and the said amendment setting up a special contract and undertaking to which no reference is made in the original suit. 2nd. That the amendment adds new and distinct parties, that is to say, J. Ralston Lattimore individually, in place of a copartnership, Lattimore & White, and J. Ralston Lattimore individually, in the place of the Park View Sanitarium, a corporation." The judge overruled the motion to strike, and the defendant excepted pendente lite. The defendant as failure of consideration also pleaded that the plaintiffs were negligent and unskillful in their attentions to the patient. Upon the trial of the case evidence was offered, tending to support the allegations of the petition as amended; but the only evidence as to the value and skillfulness of the services rendered was the opinions of the physicians who rendered the services, and the testimony of the patient, who did not venture an opinion as to the value of the services, but testified concerning the treatment and result obtained, his testimony tending to show unskillfulness in rendering the services. Upon the conclusion of the evidence the judge directed a verdict in favor of the plaintiffs for the full amount alleged to be due. The defendant came by direct bill of exceptions, assigning error upon the exceptions pendente lite, and also upon the judgment of the court in directing a verdict for the plaintiffs.

*W. R. Leaken*, for plaintiff in error. *A. L. Alexander*, contra.