## 3546. MACON, DUBLIN & SAVANNAH RAILROAD CO. v. HASTY.

1. The evidence authorizes the verdict.
2. It was not error for the judge to charge the jury, in an action against a railroad company for killing stock, that it was within their discretion to enhance the damages by adding interest thereto at the rate of 7 per cent. per annum, but expressed merely in an aggregate sum in their verdict.

DECIDED NOVEMBER 20, 1911.

Action for damages; from Twiggs superior court—Judge Martin. June 7, 1911.

*Minter Wimberly, L. D. Shannon, Akerman & Akerman,* for plaintiff in error.

*L. D. Moore,* contra.

POWELL, J. The company killed one of the plaintiff's cows. The jury found for the plaintiff. The defendant made a motion for a new trial on the general grounds. The trial judge overruled it, and the defendant excepts.

1. The engineer and the fireman were the sole witnesses for the defendant. The engineer testified that he did not see the cow at all; that the front of the extension boiler was in the way; that the track curved to the left, and that his first information as to the cow was when the fireman told him it was on the track; that he then applied the brakes and attempted to reduce the speed of the train; that it was down grade, and that he could not stop in time to prevent hitting the cow. The fireman said that he was on the lookout on the left side of the engine, when he saw the cow about 125 yards away; that he immediately notified the engineer, and that the engineer tried to stop, but could not. The fireman was not able satisfactorily to explain why he did not see the cow sooner, except by stating that he saw it soon after they came out of the mouth of a cut. There was evidence that, notwithstanding the curve and the cut, the point where the cow was standing would have been in sight from an approaching train 200 yards, and that the cow ran down the track from that point 130 yards, making a total of 330 yards from the point where the cow could have first been seen to the point where she was finally struck. The engineer said that in his opinion he could have stopped his train, running at the speed he was and on the grade he was, in a distance of 300 or 400 yards; and if he could have brought it to a dead standstill at this distance,

it would seem that he could have slackened speed sufficiently to have prevented striking the cow, which was running at some speed ahead of the train, in a somewhat shorter distance. Hence the jury had the right to infer negligence in one or two respects—either that the fireman was not maintaining a diligent lookout, or that he did not notify the engineer promptly after seeing the cow. At any rate, there is enough conflict to warrant the verdict.

2. There was no error in the charge of the court to the effect that the jury might enhance the damages, in their discretion, by adding interest at 7 per cent. from the time of the killing to the time of the trial, expressing the aggregate amount of damages in their verdict, the total amount in no event to exceed the amount sued for. We understand this to be the law. Of course, in such cases the interest becomes a part of the damages, and it may be technically inaccurate to speak of adding the interest to the damages; but a jury would not be misled by this, nor reach a wrong conclusion on this account.

There is an exception to the failure of the court to give in charge principles of law stated in a request to charge, but upon examination we find that he did in substance give the principles stated in the request. *Judgment affirmed.*