### FINLEYSON v. INTERNATIONAL HARVESTER COMPANY.

LUMPKIN, J. 1. Where, in 1907, a promissory note was given in renewal of an original note which had been executed in 1903, for the purchase-price of a mowing machine and rake, and in the latter note it was recited, that, "in consideration of this renewal contract and the extension of time hereby given, it is agreed that said payee has fully kept and made good all its representations, warranties, and obligations in the sale of said machine," a recovery on such note could not be prevented, or the amount thereof reduced, on the ground that when the sale was made and the original note given the agent of the plaintiff agreed that the plaintiff would open an agency for supplies at a named place where the purchaser could conveniently get supplies and repairs for the mower; that this furnished a consideration for the note; and that the seller had not complied with such agreement. Accordingly in a suit on such note, it was not error, as against such a defense, to direct a verdict for the principal and interest specified on the face of the note. *American Car Co. v. Atlanta Street Ry. Co.*, 100 *Ga.* 254 (28 S. E. 40); *Atlanta City Street Ry. Co. v. American Car Co.*, 103 *Ga.* 254 (29 S. E. 925); *Atlanta Consolidated Bottling Co. v. Hutchinson*, 109 *Ga.* 550 (35 S. E. 124); *Madison Supply & Hardware Co. v. Brown Carriage Co.*, 137 *Ga.* 195 (73 S. E. 344).

2. Where a promissory note, in addition to principal and interest, provided for the payment of "reasonable attorney's fees in collecting by suit or otherwise," the judge was not authorized to direct a verdict for a certain amount as attorney's fees because of the testimony of a member of the bar that such amount would be reasonable, although there was no conflicting evidence on the subject. *Baker v. Richmond City Mill Works*, 105 *Ga.* 225 (31 S. E. 426); *Jennings v. Stripling*, 127 *Ga.* 778, 785 (56 S. E. 1026); *Proctor v. Crooker*, 129 *Ga.* 732 (59 S. E. 781); *McCarthy v. Lazarus*, 137 *Ga.* 282 (72 S. E. 493).

3. Direction is given that if, within twenty days from the filing of the remittitur in the office of the clerk of the superior court, the defendant in error will write off from the verdict the amount of attorney's fees

included therein, the judgment will stand affirmed; otherwise it will be reversed and a new trial granted.

(a) It is stated in the brief of counsel for defendant in error that he has written off the recovery of attorney's fees; but there is nothing in the record or bill of exceptions to show that this has been done; and this court is bound to act upon what appears from the record and bill of exceptions.

(b) As the plaintiff in error has obtained a material modification of the judgment which was rendered against him in the trial court, judgment is rendered in his favor for the costs of bringing the case to this court, and the costs in this court.

> *Judgment affirmed, on condition. All the Justices concur.*
> JUNE 12, 1912.

Complaint. Before Judge Whipple. Wilcox superior court. March 20, 1911.

*Dan R. Bruce,* for plaintiff in error. *Hal Lawson,* contra.