### 12361.   CHATHAM ICE CREAM COMPANY v.
### SAKAKEENY.

Where in a vendor's action against the purchaser for breach of a contract entered into in April, 1919, under which the plaintiff was to ship to the defendant three carloads of ice-cream cones between that time and August 1, 1919, it appeared from the petition that after one of the carloads had been shipped and accepted and the defendant had been notified by the plaintiff that the other two carloads were ready, the defendant, on June 9, 1919, replied that it would not have room for them "for a little while at least," and would advise the plaintiff later when to ship them, and requested that they be held up until then, and the plaintiff continued holding them ready for shipment, and "at the beginning of the next season," in May, 1920, the defendant not having given any further instruction as to shipment, the plaintiff called the defendant's attention to the matter, and the defendant then disclaimed knowledge of the order for the cones, and, on August 11, 1920, definitely refused to accept shipment of the two carloads or to make any settlement for them, and at that time the market price of such cones at the place from which they were to be shipped was less than the price at which, under the contract, they were to be delivered "f. o. b. cars," and damages were laid in the amount of the difference between these prices for the two carloads, a cause of action was stated, and the court did not err in overruling a general demurrer to the petition.

DECIDED OCTOBER 6, 1921.

Action on contract; from city court of Savannah — Judge Freeman. March 14, 1921.

Application for certiorari was denied by the Supreme Court.

It was contended, in the assignments of error, that, "the request of plaintiff in error, that defendant in error hold up shipment of the two cars until ordered out by plaintiff in error, having been agreed to by defendant in error, there was a novation of the original contract as to delivery dates and a substitution making the contract one for delivery on demand of buyer; and, it appearing from the petition that the buyer had not requested shipment, no cause of action was set forth;" and that "if the request for delay in shipment, referred to above, did not amount to a novation and substitution, then the legal effect was not to extend the time for delivery beyond August 1, 1919, and, the defendant in error not having tendered delivery by that date, plaintiff in error thereby became released from the contract and absolved from any liability thereunder;" and further, that, "it appearing from the petition that ice-cream cones are a seasonal product and that the season begins in April and ends August 1,

the request by plaintiff in error to defer shipment must be construed, in the light of this fact, as deferring the shipment to some period between June 9, 1919 (that being the date when the defendant in error notified plaintiff in error that it was ready to ship the remaining two cars), and the date of August 1, 1919, which was the ultimate date of delivery fixed by the contract, and that defendant in error was not authorized to extend the contract over into the next season without the consent of plaintiff in error, and, the petition showing on its face that defendant in error made no proffer of delivery until in May, 1920, the contract expired by operation of law;" also that " if there was any breach by plaintiff in error of the contract sued on, that breach occurred August 1, 1919, and the measure of damages would be the difference between the contract price or value of August 1, 1919, and not, as alleged in the petition, of August 11, 1920;" and that the allegation that the defendant in error held the two cars ready for shipment on demand of the plaintiff in error shows that " defendant in error elected to store the property for account of plaintiff in error; and hence its·cause of action, if any, is a suit for the contract price, and not one for damages for breach of contract."

*Jacob Gazan,* for plaintiff in error, cited: 4 *Ga. App.* 226 (2) ; 23 Ruling Case Law, 1365; 30 Iowa, 205 (6 Am. Rep. 673) ; 9 Dana, 291; 10 Bush, 87;· 163 N. Y. App. Div. 184, 187; 24 Am. & Eng. Enc. L. (2d ed.) 1073; Sedg. Dam. § 737; 3 *Ga. App.* 766; Benj. Sales (2d. ed.), 618; Civil Code (1910), § 4131; 2 Suth. Dam., § 647.

*Connerat & Hunter,* contra, cited: 97 *Ga.* 442, 443; 3 *Ga. App.* 212 (2) ; 6 *Ga. App.* 522 (1).

BLOODWORTH, J.   Gabriel L. Sakakeeny sued the Chatham Ice Cream Company, alleging, in part, that in April, 1919, the Ice Cream Company entered into a contract with him for three carloads of ice-cream cones at $4.25 per thousand, f. o. b. cars St. Louis, Mo., each car to contain 600 cases, and each case to contain 1000 cones, the same to be delivered by August 1, 1919, and shipment to be .made at any time between the date of the order and August 1, 1919, in carload lots only; that the plaintiff shipped in May one carload of cones, as provided for in the contract, which carload was received and accepted by the defendant in part

performance of the contract; that in June, 1919, the plaintiff communicated with the defendant, informing the defendant that the other two cars were ready for shipment, and desiring to know when the defendant wished the shipment to go forward; that the defendant on June 9 answered in a letter stating that some of its machines had not been installed, and that it had no room to store additional cones, and would not have, " for a little while at least," and would advise later as to when to ship, and requested that shipment of the two cars be held up until advice from it as to when they should be shipped; that pursuant to said instructions the plaintiff held the two cars ready for shipment on the defendant's demand; that the plaintiff did not receive shipping instructions during that season, and at the beginning of the next season, May 22, 1920, called the defendant's attention to the two cars it was holding for shipment under the contract; that the defendant then disclaimed any knowledge of said order; that the plaintiff then, through his attorneys, submitted the contracts to the defendant, and on August 11, 1920, the defendant " refused definitely to accept shipment of the remaining two cars, and has refused to make any settlement therefor;" that " during August, 1920, and at the time of [the] aforesaid breach of contract, cones of the kind contracted for were selling for and at [the] market value in St. Louis of $3.00 per thousand, or $1.25 per thousand less than the contract price," and that, " as a result of the facts herein set forth, . . petitioner has been specially damaged in the sum of $1500.00, and interest on the same from August 11, 1920;" and for this amount the plaintiff prays judgment. A general demurrer to the petition was overruled, and the defendant excepted.

The petition set forth a cause of action, and the demurrer was properly overruled.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*