### 13691. CHATHAM ICE CREAM CO. *v.* SAKAKEENY.

BELL, J. 1. Where, after the making of a contract for the sale of goods in which there is fixed a definite time for delivery, the buyer requests a postponement of delivery until such indefinite time as the buyer may name, and where such request is acquiesced in by the seller, the time of performance is converted into a reasonable time. *Bearden Mercantile Co.* v. *Madison Oil Co.*, 128 *Ga.* 695 (58 S. E. 200).

2. After the time for performance of the contract of sale was converted into a reasonable time in the manner indicated above, a tender of performance by the seller was refused by the purchaser upon the sole objection that no such contract ever existed, and that the person who executed the same on behalf of the purchaser was not authorized so to do. This objection indisputably appears by the record to have been unfounded. To a suit thereafter instituted by the seller against the purchaser for a breach of the contract in refusing to accept the goods (which was held good against a general demurrer,—*Chatham Ice Cream Co.* v. *Sakakeeny*, 27 *Ga. App.* 409, 108 S. E. 802), the defendant filed an answer which, except such parts as were stricken on demurrer, amounted to no more than a general denial of liability. There was no plea that the tender of performance by the plaintiff was unreasonably delayed. At the close of the evidence upon the trial a verdict was directed for the plaintiff except as to the amount of the recovery. This ruling is assigned as error, upon the ground that the question of whether the tender of performance by the plaintiff was made within a reasonable time was one for decision exclusively by the jury. The same question is also raised by an exception to the refusal of a request to charge. No evidence was brought up. *Held:*

(*a*) Each of the averments of the suit will be presumed to have been proved as laid. *Miller* v. *Central of Ga. Ry. Co.*, 16 *Ga. App.* 855 (87 S. E. 303).

(*b*) Whether, after a fixed time for performance has been converted into a reasonable time as indicated above, the seller would be ordinarily required, under the law, to tender performance within a reasonable time, notwithstanding the request of the buyer for the indefinite postponement (but see the *Bearden* case, supra), such a rule, if existing, would have no application in a case like the present. If ever available, a defense based thereon, not being asserted either in response to tender as made, or in the subsequent answer to the suit, was waived, and there was no right to maintain it at the time and in the manner in which it was urged. *Tuggle* v. *Green*, 150 *Ga.* 361 (2) (104 S. E. 85).

(c) Where a particular verdict is demanded, the court may direct it. *American Insurance Co.* v. *Peebles*, 5 *Ga. App.* 731 (64 S. E. 304); Civil Code, § 5926.

3. In an action by the seller against the purchaser for damages for an alleged breach of a contract for the sale and delivery of goods, it is error for the court to direct the jury to find interest in favor of the plaintiff upon such principal amount of damages as the plaintiff may recover by their verdict; but where, in the verdict found for the plaintiff, the principal sum and the interest are separately stated, a reversal will not result for this error alone, but the judgment will be affirmed upon condition that the plaintiff write off the recovery of interest at the time the remittitur from this court is made the judgment of the court below; otherwise the judgment will be reversed. *Snowden* v. *Waterman*, 110 *Ga.* 99 (35 S. E. 309); Civil Code (1910), § 4396.

*Judgment affirmed, on condition. Jenkins, P..J., and Stephens, J., concur.*

DECIDED FEBRUARY 24, 1923.

Action for breach of contract; from city court of Savannah — Judge Freeman. April 19, 1922.

*Jacob Gazan,* for plaintiff in error.

*Connerat & Hunter,* contra.