16078.   CHARLES, administratrix, v. LOUISVILLE & NASH-
VILLE RAILROAD CO.

The killing of the track-walker by the train when he was stooping to tighten a bolt of the track, in the discharge of his duty as an employee of the railroad company, or when, as alleged in the second count of the petition, he fainted and fell on the track, gave no cause of action against the company, under the allegations of the petition; and the court did not err in sustaining the demurrer and dsimissing the petition.

DECIDED MARCH 3, 1925.

Action for damages; from Gilmer superior court—Judge Blair. October 11, 1924.

While on the railroad-track, standing in a stooping position, with his head bent and his eyes fixed on a bolt which he was tightening, in the discharge of his duty as a track-walker or section-hand of the railroad company, the plaintiff's husband, according to the first count of her petition, was struck and killed by the train. It was alleged that because of a heavy wind which was blowing with great velocity past him and towards the approaching train, he could not hear the train until it was upon him and it was

36

too late for him to avoid being struck.  The second count alleged that while he was engaged in the work mentioned above he fainted and became unconscious and fell upon the track in a partially reclining or prone position, and was in that position when the train struck him; that he was subject to such fainting spells, and that they were frequently caused by the sight of blood or by a minor physical injury, such as mashing a finger or an abrasion upon the skin, or a sudden shock.  It was also alleged that the track at that point was constantly and generally used·by the public as a walkway, and that this was known to the defendant and its employees in charge of the train.

*John T. Dorsey,* for plaintiff.

*Tye, Peeples & Tye, William Bult, Campbell Wallace,* for defendant.

BLOODWORTH, J.  This was a suit for damages for the homicide of the plaintiff's husband while he was in the employ of the defendant as a track-walker and section-hand.  The following opinion which Judge Blair wrote in sustaining the demurrer to the petition fully meets our approval, and we adopt it as our opinion in this case.

"The decedent, as an employee of the defendant in interstate commerce, assumed all ordinary risks incident to the employment. In my opinion this rule controls the plaintiff's case against her. *L. & N. R. R. Co.* v. *Kemp,* 140 *Ga.* 657 (79 S. E. 588) ; *So. Ry. Co.* v. *Blackwell,* 20 *Ga. App.* 630 (93 S. E. 321) ; *So. Ry. Co.* v. *Simmons,* 24 *Ga. App.* 96 (100 S. E. 5).  There is not an allegation as to anything unusual about the operation of the train.  It came just as the decedent had a right to expect it to come, and the running of the trains was a risk he assumed.  It is alleged that the wind was blowing, but the deceased must have known when he took employment that he would have windy weather during the winter months, and assumed that risk.  That it was windy was known to him as well as to the enginemen.  It is alleged that the enginemen saw the decedent at work when 225 to 300 yards away from him; but they had the right to assume that he was on the lookout and would leave the place of danger in time to avoid injury to himself.  In the *Blackwell* case, supra (p. 637.), the court said: 'Had the foreman actually notified the engineer in charge of the train that the plaintiff was at work on the track only a short distance ahead of the train, the engineer would still have had a

perfect right to assume that the plaintiff would be on the lookout to protect himself, and consequently would not have been guilty of any negligence whatever in acting upon this assumption and operating his train accordingly.' It is alleged that the enginemen 'saw and were aware of the fact that the plaintiff's husband was unaware of the approach of the said train.' The sufficiency of this averment is challenged by the demurrer. It seems to me that so improbable an averment should be supported by a statement of facts, and that the demurrer that characterizes it as a mere conclusion is well taken. My conclusion is that the first count fails to set forth a cause of action, and the demurrers are sustained.

"Is the second count any better? I think not. The negligence alleged in this count is the failure of the enginemen to discover the plaintiff's husband in his helpless condition and thereby avoid injuring him. The language does not charge that the enginemen knew of his condition or saw him in his helpless plight. *Central of Ga. Ry. Co.* v. *Tapley,* 145 *Ga.* 792 (2) (89 S. E. 481) ; *Thomas* v. *Ga. Granite Co.,* 140 *Ga.* 459 (79 S. E. 130). There was no duty on the enginemen to look out for him, but it was his duty to look out for them. Authorities cited under first division. It is alleged that the decedent was subject to fainting spells. If so, he must have known it when he accepted this employment, and if it imposed a greater risk upon him, he assumed it. There is no sufficient allegation that the defendant or its enginemen knew of this infirmity of the deceased or that he was suffering therefrom at the time he was hit. In the absence of such knowledge on the part of the enginemen, the defendant's duty to the deceased could not be increased. It is alleged that the defendant's track was used by the public as a walkway; but this is insufficient. *Tapley's* case, supra; *Gulf Line Ry. Co.* v. *Way,* 137 *Ga.* 109 (72 S. E. 717). Besides, the plaintiff could not benefit by such a license, if it existed. Her case is based upon the relations existing between her husband and the defendant. Construing this count of the petition most strongly against the plaintiff, it can not be held that the petition charges or means to charge that the enginemen saw or knew that the deceased was in a helpless condition and in a place of danger. In my opinion no cause of action is alleged, and the petition is dismissed."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*