16580.    BLACK *v.* AUTOMATIC SPRINKLER COMPANY.

The measure of damages for breach of the contract in question, by refusing to allow the manufacturer to install the machinery in accordance with the contract, would be the difference between the contract price and such lower amount as it would have cost, at the time of the breach, to perform the manufacturer's part of the contract. There was not such evidence as to the cost as would authorize the court to direct a verdict for the plaintiff. Whether interest from the time of the breach shall be added to the damages in such a case is within the discretion of the jury. The court erred in directing a verdict for the amount stated therein and interest.

DECIDED JANUARY 16, 1926.

Breach of contract; from Laurens superior court—Judge Camp. April 25, 1925.

Automatic Sprinkler Company of America, a nonresident corporation, sued E. L. Black for damages for breach of a contract for the installation of a sprinkler system in his drug-store at Dublin, Ga. The plaintiff alleged that the defendant entered into a contract with it to equip and install such system for the full price of $2,026; that it was ready, willing, and able to fulfill its contract, but that the defendant refused to permit it to install such system; that the plaintiff had a profit in the said job, amounting to $405.20, and that it was put to a selling expense of $200; for all of which, with interest from the date of the breach at the rate of seven per cent., it prayed judgment. The defendant in his answer denied all the material allegations as to his liability. On the trial the court, on motion of the plaintiff, at the conclusion of the evidence, directed a verdict for the plaintiff, for $405.20 and interest.

Only two witnesses testified,—the plaintiff's secretary and the defendant. The secretary testified as to the making of the contract, that the plaintiff was ready, willing, and able to fulfill it, and that nothing was done toward the installation, because of the defendant's refusal to permit the same; and as to the extent of the plaintiff's damage he testified: "As a part of my duties I make the calculations on these contracts. I made the computations on this contract for material, labor, profit, overhead, and other items

---

Contracts, 13 C. J. p. 649, n. 43; p. 650, n. 44; p. 764, n. 49.

Damages, 17 C. J. p. 816, n. 37, 40; p. 856, n. 25; p. 919, n. 4; p. 1024, n. 55; p. 1042, n. 28; p. 1060, n. 70.

Evidence, 22 C. J. p. 692, n. 80 New; p. 693, n. 96; p. 728, n. 73.

going to make up the total price. The profit was computed on this contract at twenty per cent. of the gross amount, being $405.20. We had some expenses and disbursements, the company actually disbursed as a contracting expense the sum of $200, made up of railroad fares on trips from Atlanta to Dublin of $60, estimated portion of agent's salary, etc., in connection with the securing of the contract, hotel bills, etc., $140.00, making a total of $200. The item of $405.20 and the item of $200, making up the total of $605.20, constitutes the damage sustained by our company." The defendant testified that he made the contract, that the plaintiff never made any effort to install the system, did not ship any of the materials that he ever knew or heard of, and that he wrote to the plaintiff that he could not take the material or allow it to install the system. The defendant moved for a new trial on the usual general grounds and on the ground that the court erred in directing a verdict for the plaintiff. The motion was overruled, and the movant excepted.

*W. A. Dampier,* for plaintiff in error.

*C. C. Crockett, King, Spalding, MacDougald & Sibley,* contra.

JENKINS, P. J. (After stating the foregoing facts.) 1. Where one enters into a contract with a manufacturer to install for him a sprinkler system in his store, and agrees therein to pay a stipulated price, but, instead of permitting the installation, notifies the manufacturer that he will not permit it, the manufacturer, upon proof of readiness, willingness, and ability to perform the contract, is entitled to damages for breach of contract. The measure of the damages is the difference between the contract price and what it would have cost to perform the manufacturer's part of the contract. *White & Hamilton Lumber Co.* v. *Lynch,* 159 *Ga.* 283 (125 S. E. 472); *Campbell* v. *Mion,* 6 *Ga. App.* 134 (3) (64 S. E. 571); *Wallace* v. *Tumlin,* 42 *Ga.* 462 (4), 463; 8 R. C. L. 511. To this amount it is within the discretion of the jury to add legal interest from the time of the breach to the time of the recovery (Civil Code (1910), § 4396); but it is error for the court to direct that such interest shall be added by the jury, the matter being wholly within their discretion. *Snowden* v. *Waterman,* 110 *Ga.* 99 (35 S. E. 309); *Patterson* v. *Peterson,* 15 *Ga. App.* 680, 684 (84 S. E. 163).

2. Where the manufacturer sues for damages for the breach

of a contract as set forth above, in order to recover it is necessary to prove (1) the contract price, and (2) what it would have cost the manufacturer to perform the contract. In order to prove such cost there must be testimony as to what materials and labor were necessary, and as to the cost or value of the materials and labor necessary at the time of the breach, and not at the time of the original making of the contract. The estimated value of the materials and cost of labor necessary to perform the contract, reckoned as of the date of the contract, is not the proof necessary in measuring the damage; their value and cost at the time of the breach fixes the measure. It may be that there was either an increase or a decline of such value and cost between the time the contract was made and the time it was breached; either of which would materially affect the measure of damages. If there was any fixing of the value or cost of materials and labor in this case, it was fixed as of the date of the making of the contract, and not as of the date of its breach; and there was no testimony that the cost or value remained unaltered during that interim. Therefore the evidence was not sufficient to sustain the verdict.

3. In such a suit it is necessary for the plaintiff, in order to make out a liability for actual damages, to show the value of the materials and labor necessary to the plaintiff's performance of the contract. Civil Code (1910), § 5875. The jury are not bound by the opinion of experts as to value. *Allantic & Birmingham Ry. Co.* v. *Howard Supply Co.*, 125 *Ga.* 478 (2 *b*) (54 S. E. 530) ; *Martin* v. *Martin,* 135 *Ga.* 162 (68 S. E. 1095) ; *Wilson* v. *Lattimore,* 135 *Ga.* 469 (2) (69 S. E. 740). The credibility of testimony is for the jury. *Clary* v. *State,* 8 *Ga. App.* 92 (2) (68 S. E. 615). Accordingly, in this case, where there was evidence (as set forth in the statement of facts) which, properly construed, went only to the extent of proving the contract price of a long list of materials, labor, etc., but no evidence of any conventional agreement between the contracting parties as to the value and cost of the various items of the contract, as in cases relating to the face value of notes, bonds, collaterals, etc., and where there was no evidence that the complaining party, as the quasi agent of the breaching party, went into the open market, after notice to the breaching party, and liquidated the value or cost, by actual sale or purchase, to cure such breach, there was no testimony in the

record. such as would indisputably show the value and cost of the materials and labor necessary to performance. It is only where the value has been in some way liquidated that proof of value and cost becomes that of substantive facts and ceases to be opinion testimony. So that in cases where there has been no liquidation of values as in cases referred to above, but their determination rests purely upon opinion testimony, as in the case at bar, the liquidation of values must be arrived at by a jury, and not by the court. See, in this connection, *Baker* v. *Richmond City Mill Works,* 105 *Ga.* 225 (31 S. E. 426) ; *Finleyson* v. *International Harvester Co.,* 138 *Ga.* 247 (2) (75 S. E. 103) ; *Georgia Northern Ry. Co.* v. *Battle,* 22 *Ga. App.* 665 (97 S. E. 94) ; *Birmingham Paper Co.* v. *Holder,* 24 *Ga. App.* 630 (5), 631 (101 S. E. 692) ; Civil Code (1910), § 5875; *Carter* v. *American Slicing Machine Co.,* 23 *Ga. App.* 422 (2), 423 (98 S. E. 365) ; cf. *Lott* v. *Banks,* 21 *Ga. App.* 246 (4), 248 (94 S. E. 322). The case of *Mc-Namara* v. *Georgia Cotton Co.,* 10 *Ga. App.* 669 (3) (73 S. E. 1092), cited by the defendant in error, is not in conflict with what is here held. Here the witness did not pretend to have expert knowledge or to testify as to what was the market value of the labor and materials required for the improvement. He testified only, in effect, as to what in his preliminary estimate made at the time of the contract the plaintiff would have to pay for the materials and what the witness then thought would likely be the cost of the labor required. In the *McNamara* case, supra, the witness qualified as an expert, showing that he was familiar with the market value of the fluctuating commodity, which had a fixed and recognized market value, and testified as to the fixed market value as at the time of the breach. See, further, in this connection: *Bryan* v. *Southwestern Railroad Co.,* 41 *Ga.* 71; *Southwestern Railroad Co.* v. *Rowan,* 43 *Ga.* 412, 414; *Atlantic Coast Line R. Co.* v. *Harris,* 1 *Ga. App.* 667, 669 (57 S. E. 1030) ; *Griffin* v. *State,* 15 *Ga. App.* 520, 530 (83 S. E. 891). It was error for the court to direct a verdict for the plaintiff on the evidence appearing in the record.

*Judgment reversed. Stephens and Bell, JJ., concur.*