### 25075. Jackson v. Security Insurance Company.

Broyles, C. J. 1. Under the facts of this case and the ruling of the Supreme Court in *Firemen's Insurance Co.* v. *Oliver,* 182 *Ga.* 212 (184 S. E. 858), the claim against the insurance company did not become a "liquidated demand" until the entry of a judgment upon the verdict; and the jury properly omitted from their verdict any finding for interest on the principal amount sued for—the verdict being a finding in favor of the plaintiff of $2500 (the amount due on the face of the policy), minus $71.85 for premium deduction. The court did not err in denying the request of the plaintiff "to rerefer the case to the jury with instructions that, having found for the plaintiff, plaintiff would then be entitled to interest at seven per cent. per annum on the prin-

134

cipal amount the jury had found due from the time same became due and payable."

2. This case was brought here on a *direct* bill of exceptions containing many assignments of error based on rulings of the court on the trial. If any of these assignments of error should be held to be meritorious, a reversal of the judgment would necessarily result. But the plaintiff in error in this bill of exceptions, having won his case, made no motion for new trial, and evidently does not desire a rehearing of the case. Nor did he file a cross-bill of exceptions, after the other party had filed a bill of exceptions based on the refusal of the court to grant a new trial. Under these circumstances the assignments of error in the bill of exceptions, based on interlocutory rulings made during the trial, can not be considered by this court. The only assignment of error passed on is the one considered in the preceding headnote.

*Judgment affirmed. MacInytre and Guerry, JJ., concur.*

DECIDED JULY 14, 1936. REHEARING DENIED JULY 31, 1936.

*Etheridge, Belser, Etheridge & Etheridge, G. S. Peck,* for plaintiff.

*George B. Rush,* for defendant.

