### 42126. SMITH et al. v. MAPLES.

PANNELL, Judge. 1. In an action seeking damages for the breach of a contract and attorney's fees under *Code* § 20-1404 as an expense of litigation because of bad faith, the trial judge charged the jury that "the term 'bad faith' has a meaning which is the opposite of good faith. It means bad purpose, bad intent, bad state of knowledge or desire." There is no error in the charge. Complaint is made of the failure of the trial judge to more fully define the term "bad faith." If the appellant desired additional charges as to definitions of bad faith it should have requested them in writing. *Holmes v. Clisby*, 121 Ga. 241 (7) (48 SE 934, 104 ASR 103); *Equitable Loan &c. Co. v. Lewman*, 124 Ga. 190 (5) (52 SE 599, 3 LRA (NS) 879).

2. "In all cases where an amount ascertained would be the damages at the time of the breach, it may be increased by the addition of legal interest from that time until the re-

covery." *Code* § 20-1408. Under this Code section it is error for the trial judge in a case involving unliquidated damages to instruct the jury that the plaintiff is entitled to interest (*Chatham Ice Cream Co. v. Sakakeeny,* 29 Ga. App. 768 (3) (116 SE 558)) as in such a case the allowance of interest is a matter within the jury's discretion. *Snowden v. Waterman & Co.,* 110 Ga. 99 (35 SE 309) ; *Black v. Automatic Sprinkler Co.,* 35 Ga. App. 8 (131 SE 543) ; *Tifton, T. & G. R. Co. v. Butler,* 4 Ga. App. 191 (60 SE 1087) ; *Gnann v. Cameron,* 29 Ga. App. 608 (116 SE 338). Where the damages are liquidated a different rule seems to apply. See *Code* § 57-110; *Earnest v. Nappier,* 19 Ga. 537 (3) ; *Miller v. Maddox,* 21 Ga. 327; *Macon, D. & S. R. Co. v. Hasty,* 10 Ga. App. 103 (72 SE 717). The damages here were unliquidated. See in this connection *Jackson v. Security Ins. Co.,* 54 Ga. App. 133 (1) (187 SE 236) ; *Firemen's Ins. Co. v. Oliver,* 53 Ga. App. 638, 641 (3) (186 SE 706). In the present case the trial judge charged both principles and nowhere corrected the incorrect charge, thus leaving the jury to speculate as to whether the interest was demanded or discretionary only. In this the trial court erred.

3. The evidence was sufficient to authorize the amount of damages found, and for attorney's fees as an expense of litigation under *Code* § 20-1404 and the evidence authorized the charges relating thereto.

4. The judgment is affirmed on condition that at the time the judgment of this court is made the judgment of the court below, plaintiff will write off all interest recovered, otherwise the judgment will stand reversed. *Chatham Ice Cream Co. v. Sakakeeny,* 29 Ga. App. 768 (3) supra; *Snowden v. Waterman & Co.,* 110 Ga. 99, supra.

*Judgment affirmed on condition. Felton, C. J., and Frankum, J., concur.*

ARGUED JULY 5, 1966—DECIDED OCTOBER 27, 1966.

*McCamy, Minor, Vining & Phillips, John T. Minor, III,* for appellants.

*Walter H. Bolling,* for appellee.