### 25513. SUMMERLIN v. BEACON INVESTMENT COMPANY.

ARGUED JANUARY 14, 1970—DECIDED MARCH 6, 1970—
REHEARING DENIED MARCH 26, 1970.

*Grant, Spears & Duckworth, William G. Grant,* for appellant.
*Nall, Miller, Cadenhead & Dennis, Baxter L. Davis, John G. Morris,* for appellee.

FELTON, Justice. This court granted the writ of certiorari to the Court of Appeals to review the judgment of that court upholding the trial court's judgment denying the motion for a summary judgment. *Summerlin v. Beacon Investment Co.,* 120 Ga. App. 296 (170 SE2d 307). In the complaint the plaintiff sought damages of the defendant for the alleged breach of a contract for the sale and purchase of described real property. The only question involved is whether the agreement in the contract, for the purchaser to assume a first mortgage loan on the property "in favor of Collateral Investment Company in the amount of $1,850,000 bearing interest at the rate of six and one-half percent per annum," was sufficiently definite to identify the loan with the requisite certainty to bind the parties. The Court of Appeals decided that the description and identity of the loan to be assumed was on its face sufficiently definite as a matter of law, and that a stipulation of facts by the parties was not necessary to a decision in the trial court or the Court of Appeals. The stipulation of facts is as follows:

"1. At the time the contract of sale, a copy of which is attached to the complaint, was executed on December 28th, 1966, there was a loan on the subject property secured by a deed to secure debt executed by the plaintiff, Beacon Investment Company, to Collateral Investment Company under date of September 1st, 1966, and recorded in September _____, 1966, in Deed Book_____, p. _____, in the office of the Clerk of the Superior Court of Fulton County.

"2. The record of said deed shows that it secures a loan in the amount of $1,850,000 evidenced by one note in that amount 'bearing interest from date at the rate set out therein, and interest only being payable during the first six (6) months of the term hereof and equal monthly instalments in the amount of twelve thousand nine hundred thirty-five and no/100 ($12,935) each thereafter, including principal and interest, the first of

said instalments of interest shall be due and payable on the 1st day of October, 1966, and one instalment of interest coming due on the 1st day of each and every month thereafter up to and including the 1st day of March, 1967, and the first of said instalments of principal and interest being due on the 1st day of April, 1967, and one instalment coming due on the 1st day of each and every month thereafter up to and including the first day of September, 1986, on which date the entire balance of principal with accrued interest shall be payable.'

"3. Said loan made by Collateral Investment Company was negotiated by the defendant, William J. Summerlin, as agent for the plaintiff, Beacon Investment Company.

"4. At the time the contract of sale was signed by William J. Summerlin, he knew that the above mentioned loan held by Collateral Investment Company was on the property and knew the terms of said loan, including the rate of interest which the note secured thereby bears."

The trial court ruled that the stipulation next above was admissible in evidence on the question involved. The petitioner in certiorari contends that the agreement to assume the loan in favor of Collateral Investment Company is so indefinite as to render the contract unenforceable. The respondent contends that the agreement is made certain by the facts contained in the stipulation set forth above.

In *Morgan v. Hemphill*, 214 Ga. 555 (105 SE2d 580) the assumption stipulation was: "Subject to terms of existing loan (which is approximately $30,000)." There this court said: "The test is whether the loan, mortgage or other encumbrance is properly identified" (p. 556) and further that the stipulation was "not sufficient to identify the loan referred to; [and] does not furnish a key by which the loan may be ascertained without resort to parol evidence." P. 557. The petitioner in certiorari contends that the description of the loan to be assumed in the instant case is as uncertain and indefinite as the description in *Morgan v. Hemphill*, supra. We do not agree. In *Hemphill* the stipulation expressly provided that the loan was an *existing* loan but did not reveal who the parties to the loan were and did not reveal on what property the loan was made. In the instant

case the loan was not expressly shown to be an *existing* loan but did show the parties to the loan and the real estate involved. The appearance in the assumption agreement of the two additional facts just stated throws additional light on the question whether an existing loan was intended by the parties or one to be negotiated in the future. ("To assume" has been defined as "to take on . . . , to become bound as another is bound, or to put oneself in place of another as to an obligation or liability." Texas Employers' Ins. Assn. v. Texas & P. R. Co. (Tex. Civ. App.), 129 S. W. 2d 746, 749. Black's Law Dictionary (4th Ed.)). In the absence of an express provision in the loan assumption agreement that the loan intended was a loan to be negotiated in the future, in which case the details of the loan would have to show all the requisites of definiteness in detail, the assumption agreement is construed to mean an existing loan. The assuming of a loan to be negotiated in the future is the exception rather than the rule. Construed as an existing loan the assumption agreement meets the requirements of definiteness because with the other elements of definiteness expressly stated in the agreement, names of parties, property involved, amount and rate of interest, the intention of the purchaser to assume the otherwise described loan as stated above, the agreement contains a "key" to all of the terms and provisions of the loan and evidence showing the true facts to which the key led is admissible to show the definiteness of the loan. In this case this evidence is supplied by the stipulations admitted in evidence and shown in the statement of facts. While we agree with the result reached by the trial court and the Court of Appeals we disapprove the holding of the Court of Appeals to the effect that the stipulations admitted in evidence were not necessary to a decision of the case. The stipulations were absolutely necessary to show the facts to which the "key" indisputably led which showed that the parties intended that the obligations of an already recorded deed should be assumed by the purchaser, which obligations and deed showed all of the prerequisite definiteness required in such cases.

The judgment of the Court of Appeals is affirmed, not because the evidence demanded the finding that the provision for the

loan assumption, unexplained, showed that an existing loan was intended by the parties, but because the facts stipulated showed as a matter of law that the parties intended that an existing loan was contemplated by the parties and that its terms were ascertainable for the reason that the "key" provided the details of the assumed loan as required by law.

*Judgment affirmed. Almand, C. J., and Undercofler, J., concur. Mobley, P. J., Grice, Nichols and Frankum, JJ., concur specially.*

FRANKUM, Justice, concurring specially. The part of the contract whereby, as a part of the purchase price of the property, the "purchaser" agreed to assume a first mortgage loan in favor of Collateral Investment Company is not sufficiently definite standing alone to support an action for damages for breach of contract because it does not state the terms of payment provided in the mortgage. *Saye v. Adams Loan &c. Co.,* 173 Ga. 24 (159 SE 575); *Erwin v. Hardin,* 187 Ga. 275, 278 (200 SE 159). However, as I view the references to the loan, they indicate a loan existing at the time the contract was entered into and therefore, in my opinion, they furnish a key or at least a prima facie key whereby it can be determined by proper evidence whether the deficiencies above pointed out can be made definite and certain. Therefore, I concur in the result reached.

I am authorized to state that Presiding Justice Mobley and Justices Grice and Nichols, concur in this special concurrence.

FELTON, Justice, concurring specially while also concurring in the opinion and judgment.

1. The opinion in this case is unusual in that there are four special concurrences. In my opinion this fact is meaningless in this case for the reason that the only difference between the three justices on the one side and four on the other is the way in which the same view is worded. In essence there is no real substantive difference between the two.

2. Heretofore the petitioner in certiorari has contended that the loan assumption agreement is void because it is ambiguous. If he is correct in that contention his legal position could not change the outcome in this case because there are two Code sections which would control the case against him. They would

undoubtedly apply in this case. *Code* § 38-502 provides in part: "and parol evidence shall be admissible to explain all ambiguities, both latent and patent." *Code* § 20-704(1). If it were held that the assumption agreement is ambiguous, which is the only alternative, the stipulations would be admissible, beyond a shadow of a doubt, to explain that the parties intended in their written agreement to refer to an existing loan, which in itself included all of the facts required to make the assumption certain and specific.