51856. MARLER v. RIVER-CREEK ASSOCIATES.

Stolz, Judge.

When defendant Marler failed to close on a land sale contract, River-Creek (seller) sued him for the contract price less the fair market value at the closing date, also providing evidence of the price at which the plaintiff had effected a cover sale to a third party ($27,000 less than the contract price) as mitigation of damages. The plaintiff

also claimed interest and expenses for litigious conduct. The trial judge granted a partial summary judgment as to liability, held a jury trial on the issue of damages, and submitted the issue of litigation expenses to the jury separately from the issue of general damages. The defendant appeals from the verdict and judgment for $31,050 general damages and $2,329 cost of litigation.

1. The appellant contends that the sale contract is vague, uncertain and unenforceable.

The "terms" of the contract provide: "The purchase price to be paid as follows: 29% of the total purchase price [$216,120] to be paid in cash at the closing. Purchaser will assume and agrees to pay a note and deed to secure debt in favor of Christine Hand Elliott, dated March 29, 1971, in the original amount of $45,927.64 and bearing interest at the rate of 7% per annum and due and payable in six equal annual installments of principal and interest in the amount of $9,635.62. The outstanding principal balance of said note being $39,507.14 as of June 26, 1972. [This note was referred to and further described by reference to its recordation, in the special stipulations in the contract.] The purchaser agrees to execute and the seller agrees to accept a note and purchase money security deed for the balance of the purchase price. Said note to bear interest at the rate of 7-1/2% per annum on the unpaid balance and be payable in three equal annual principal installments due and payable on the first three anniversary dates of the closing."

The above assumption agreement meets the requirements of definiteness by expressly stating the names of parties, property involved, amount and rate of interest, and the intention of the purchaser to assume the described, already recorded loan. See *Summerlin v. Beacon Invest. Co.,* 226 Ga. 227 (173 SE2d 672). The appellant contends that the total purchase price cannot be ascertained because the contract does not provide whether or not the accrued interest is to be prorated between the parties; by whom it is to be paid; whether the purchaser will be given credit for principal payment against the purchase price balance or the difference between the principal and interest of the assumed note; and when the interest on the note for the balance is

payable. The contract specifies a total purchase price of $216,120, thus this total price need not be "ascertained." When viewed within the framework of the contract terms, the assumption of the note amounts, in fact, to a proration of interest, with accrued interest being payable by the seller and interest accruing after the closing being payable by the purchaser. As to when the interest on the note for the balance is payable, absent a contrary express provision, under the general rule it becomes due and payable at the same time as does the principal, i.e., "in three equal annual principal installments due and payable on the first three anniversary dates of the closing." See 47 CJS 38, Interest, § 26. Enumerations of error 1 and 7 are without merit.

2. The trial judge did not err, as contended in enumerated errors 2 and 8, in admitting in evidence testimony as to the plaintiff's claim for interest, since in a case involving unliquidated damages the jury may allow interest within its discretion. See *Smith v. Maples,* 114 Ga. App. 529 (2) (151 SE2d 815) and cits.

3. The trial judge did not err, as contended in enumerated errors 3, 5, 9 and 11, in charging the jury that the issue of liability had been determined on the motion for summary judgment (which it had). At the beginning of the trial the judge stated to the jury, as had the summary judgment order, that the question of damages, *if any,* was for the jury. After evidence of damages was introduced on the trial, however, the judge's charge properly instructed them that damages in some amount were authorized. A short recharge corrected a misimpression conveyed by the charge to the effect that the plaintiff was limited to the recovery of only nominal damages, so as to inform them rather that the plaintiff was entitled to damages in such amount as the jury might ascertain from the evidence. The evidence authorized an award of more than mere nominal damages; therefore, the charge, even if not perfectly accurately phrased, was not harmful.

4. That portion of the verdict and judgment awarding $2,329 as cost of litigation is contrary to law and the evidence, as pointed out in enumerated errors 4 and 10. Such expenses were not recoverable for the mere breach of contract caused by the inability of the defendant

to pay, absent any evidence that the contract was entered into by the defendant in bad faith or procured by him by fraud or deceit, and where the amount of the defendant's liability as established by the jury ($31,050) was substantially less than the amount sued for ($126,120). *Schafer Baking Co. v. Greenberg,* 51 Ga. App. 324 (4) (180 SE 499) and cits. It is true that "[t]he expenses of litigation under Code § 20-1404 may be awarded in a proper case for bad faith, stubborn litigiousness, or where the defendant has caused the plaintiff unnecessary trouble and expense, and it is only necessary for the plaintiff to show that any one of these three conditions exists." *Employers Liab. &c. Corp. v. Sheftall,* 97 Ga. App. 398 (5) (103 SE2d 143). No one of these above conditions was shown to exist in this case by evidence merely that the defendant notified the plaintiff that he was unable to close the transaction because of the failure to materialize of a sale, from the proceeds of which he was to have bought the property, and that the defendant had retrieved his earnest money check from the broker without notice to the plaintiff. See *D. H. Overmyer Co. v. Nelson-Brantley &c. Co.,* 119 Ga. App. 599, 602 (2) (168 SE2d 176).

Accordingly, the judgment on the verdict and the overruling of the defendant's motion for a new trial will be affirmed, provided the plaintiff-appellee, at the time the remittitur from this court is made the judgment of the trial court, will write off from the judgment the amount found as cost of litigation (attorney fees); otherwise the judgment is reversed.

*Judgment affirmed on condition. Bell, C. J., and Clark, J., concur.*

ARGUED MARCH 8, 1976 — DECIDED APRIL 27, 1976.

*McDonald & DuPree, Hylton B. DuPree, Jr.,* for appellant.

*Gambrell & Mobley, Robert D. Feagin, Kent B. Massie,* for appellee.