44595, 44596. JOHNSON et al., Trustees v. MUTUAL FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA; and vice versa.

ARGUED JULY 7, 1969—DECIDED SEPTEMBER 3, 1969.

Leachman, King, Thurman & Marshall, Marjorie King, D. Jane Marshall, for appellants.

E. E. Moore, Jr., for appellee.

FELTON, Chief Judge. "The validity of a parol contract is not affected by the fact that the same parties entered into a separate contemporaneous written contract, unless the former tends to contradict or vary the terms of the latter." *Brinson v. Franklin*, 177 Ga. 727 (1) (171 SE 287); *S. & S. Builders v. Equitable Inv. Corp.*, 219 Ga. 557, 560 (134 SE2d 777) and cit. "[P]arol evidence is admissible to prove the remaining provisions of a contract when the written instrument does not purport to contain all the stipulations of the contract. [Citations.]" *S. & S. Builders*, supra, p. 562. The promissory note and the security deed executed by the plaintiffs provide only for the repayment of the loan to the defendant bank. The alleged verbal agreement, on the other hand, pertained to the disbursement of the loan funds. Therefore, it was error to exclude evidence of the parol contract, whether on the theory that it is collateral to, independent of, distinct from and not inconsistent with, hence not merging with, the written contracts, or on the theory that it was a part of the entire contract between the parties which the written instruments do not purport to embody. The written contracts were sufficient consideration to support the verbal agreement. *Spier v. Lambdin*, 45 Ga. 319.

The pleadings and evidence might authorize the finding of the existence and breach of a parol contract and resulting harm to the plaintiffs; therefore the court did not err in its judgment overruling the defendant's demurrers to the complaint as amended, but erred in its judgments directing a verdict in favor of the defendant and overruling the plaintiffs' motion for a new trial.

*Judgment reversed on main appeal; affirmed on cross appeal. Pannell and Quillian, JJ., concur.*