## 45853, 45855. MUTUAL FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA v. JOHNSON et al.; and vice versa.

WHITMAN, Judge. This case involves an action for damages for breach of contract. For a summary of the pleadings, the alleged agreement and the alleged breach thereof, see *Johnson v. Mu-*

*tual Fed. Savings &c. Assn.,* 120 Ga. App. 255 (170 SE2d 278), wherein this court, on appeal from the first trial of this case, affirmed the trial court's judgment overruling defendant's demurrers to the complaint, but reversed a judgment which had directed a verdict in favor of the defendant.

The second trial of the case resulted in a verdict and judgment for the plaintiffs for damages, interest and a separate award for attorney's fees.

The defendant's motion for a new trial containing the general grounds only was overruled. This ruling is appealed from and is the only enumeration of error in the main appeal.

The cross appeal enumerates as error a ruling which sustained a motion by the defendant to have the verdict and judgment set aside with regard to the award of attorney's fees and to have a judgment entered in accordance with a previously made motion for a directed verdict. *Held:*

1. The enumeration of error in the main appeal raises the question of whether there is any evidence to support the verdict. The issues were strongly contested, but the record discloses ample evidence to support the jury's finding of an agreement as alleged, a breach and damages. It was within the jury's discretion to award interest. *Black v. Automatic Sprinkler Co.,* 35 Ga. App. 8 (131 SE 543); *Patterson & Co. v. Peterson,* 15 Ga. App. 680, 684 (84 SE 163); *Snowden v. Waterman,* 110 Ga. 99 (35 SE 309). The trial judge did not err in denying the motion for new trial.

2. The plaintiffs' action contended that the defendant breached an alleged parol agreement which addressed itself to a safeguard procedure to be followed in disbursing the proceeds of a construction loan which the defendant made to the plaintiffs for an addition to a church. According to plaintiffs' allegations and evidence the agreed procedure was, in substance, that progress payments to the contractor would not be authorized until work stages were inspected and approved as to the quality of work and materials, and further that any disbursement would be by check payable to the contractor and the plaintiffs so that the plaintiffs' approval endorsement thereon would be necessary before it could be cashed. There was evidence that this proce-

dure was not adhered to, that the work and materials were of such inferior quality as to require correction, all of which resulted in a near depletion of the entire fund without plaintiffs' knowledge and consent and without acceptable results.

The defendant's evidence tended to refute the existence of any such agreement. While the evidence authorized the jury to find against the defendant, there was no evidence which would support a finding of bad faith in the negotiation and formulation of the contract or in the performance of its obligations. The claim of plaintiffs as set forth in their redrafted complaint for attorney's fees was predicated solely "because of defendant's *bad faith* in carrying out its obligations," and not for allegedly having been stubbornly litigious or having caused the plaintiffs unnecessary trouble and expense. (Emphasis supplied.) In this connection see *Edwards-Warren Tire Co. v. Coble,* infra, at page 113. The evidence throughout shows only an honest dispute as to what obligations existed. There being no evidence of any furtive design or ill will in the case, the trial judge did not err in granting the defendant's motion for judgment n.o.v. as to attorney's fees. For a discussion of the elements which must appear to authorize a finding of bad faith and attorney's fees under *Code* § 20-1404, see *Edwards-Warren Tire Co. v. Coble,* 102 Ga. App. 106, 116 (115 SE2d 852).

3. The motion of appellees (plaintiffs in the court below) for damages on the ground that the appeal of appellant (defendant in the court below) was made for delay only is denied.

*Judgment affirmed on the main appeal and on the cross appeal. Hall, P. J., and Eberhardt, J., concur.*

ARGUED JANUARY 12, 1971—DECIDED JUNE 2, 1971—
REHEARING DENIED JUNE 17, 1971.

*E. E. Moore, Jr.,* for appellant.
*Marjorie King, D. Jane Marshall,* for appellees.