## 64308. GLEN RESTAURANT, INC. v. WEST.

SOGNIER, Judge.

Robert West, doing business as Custom Refrigeration, entered into an oral contract with Glen Restaurant, Inc. (Glen) to purchase and install air conditioning at Glen's restaurant. Glen paid West $3,000 in advance; West ordered and had the air conditioning units delivered to the restaurant. Glen then hired someone else to install the units. West sued Glen for the balance owed on the contract. The trial court directed a verdict in favor of West instructing the jury to return a verdict in favor of West for the reasonable value of the equipment, together with the reasonable profit he would have made had he been permitted to complete the contract. Glen appeals.

Appellant contends that the trial court erred in directing the verdict in favor of West because there are questions of fact regarding the terms of the contract which should have been decided by the jury. It is undisputed that appellant and appellee entered into a contract regarding purchase and installation of the air conditioning equipment. It is also undisputed that Glen advanced West $3,000. Further, the evidence disclosed that the equipment was delivered to Glen's restaurant and that West was billed for the equipment in the amount of approximately $6,000. The evidence is in conflict, however, as to when the contract was to be completed and if time was of the essence. Glen testified that the agreement was that West would have the job completed on October 15th and that West did not show up to do the work. West testified that he began installation of the units and that when he went back to complete the work it had been done by someone else.

It is apparent that there is a conflict in the evidence as to the terms of the contract with regard to date of completion. Such a conflict should have been resolved by the jury. *Loughman v. Shine,* 129 Ga. App. 600 (200 SE2d 326) (1973). In addition there is a conflict in the evidence with regard to West's alleged abandonment of the contract. Since reasonable persons could differ as to whether the evidence showed abandonment of the contract, the trial court erred in removing the case from jury consideration. *M. W. Buttrill, Inc. v. Air Conditioning &c. Inc.,* 158 Ga. App. 122, 125 (279 SE2d 296) (1981).

The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. Code Ann. § 81A-150 (a); *Piedmont Eng. &c. Corp. v. Amps Elec. Co.,* 162 Ga. App. 564, 568 (292 SE2d 411) (1982). The trial court erred in directing a verdict in favor of West.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED OCTOBER 13, 1982.

*Joseph Francis Page, Glen E. Stinson,* for appellant.
*Mitchell A. Gross,* for appellee.