## 66697. ST. HOLMES v. ST. HOLMES.

SOGNIER, Judge.

Cynthia M. St. Holmes sued her former husband, Derek B. St. Holmes, for the remaining sum due on an agreement they entered into subsequent to their divorce. The jury returned a verdict for Cynthia St. Holmes and Derek St. Holmes appeals.

Appellant and appellee were divorced on June 17, 1980. The divorce decree incorporated a June 11, 1980 agreement on the division of the marital property which provided that upon the sale of the marital residence and after the payment of costs, including a 1978 federal tax lien on the house, the net proceeds would be divided equally between the parties. Shortly before the divorce was finalized, appellee agreed to sign a joint federal income tax return for 1979 after being assured by appellant that she would not be held responsible for any money due on the taxes.

Upon the sale of the house in September 1980, all of the proceeds were seized by the Internal Revenue Service to satisfy the amount due under the 1978 tax lien and part of the money owing the federal government under a lien placed on the property for the 1979 taxes. Thereafter, appellant and appellee entered into a second agreement on September 19, 1980. The agreement noted the lack of net equity from the sale of the marital residence due to the application of the two tax liens and recited: "WHEREAS, said intervention of the Internal Revenue Service relative to the 1979 Federal Income Tax obligation of the parties was a change in condition not contemplated by the parties prior to the agreement entered into on June 11, 1980; . . . NOW THEREFORE, and in consideration of these premises, the parties do covenant and agree . . . That Derek B. St. Holmes is to pay to Cynthia M. St. Holmes the sum of $12,000.00 said amount being

representative of the parties' contemplation of 1/2 of the net equity accumulated in the residence. . . ."

Appellant paid $1,200 on the agreement to appellee but ceased making payments around the time of his remarriage and told appellee in a telephone conversation that he wasn't going to pay her anymore because she "did not deserve the money."

1. Appellant contends that the trial court erred in denying his motion for directed verdict on the issue of his obligations under the September 1980 agreement. Appellant's first assertion that the September agreement was an invalid attempt to set aside the divorce decree is without merit because the June 1980 agreement specifically provided for subsequent written modification of its terms by the parties and because the change in terms concerned a matter of property settlement rather than an award of permanent alimony. See *McLure v. McLure*, 159 Ga. App 18 (282 SE2d 674) (1981).

Appellant next asserts that the September agreement lacked consideration and is therefore void. The September agreement itself noted that the exhaustion of the house proceeds due to application of the tax liens was a "change in condition not contemplated by the parties" and testimony presented by appellee, though weak and occasionally contradictory, was sufficient to support appellee's contention that the June settlement agreement provided the consideration for the September modifying agreement. "In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cit.]" *Speir v. Williams*, 146 Ga. App. 880, 881 (247 SE2d 549) (1978). There being evidence supportive of appellee's contention, the trial court did not err in denying appellant's motion for directed verdict.

2. Appellant contends that the trial court erred in denying his motion for directed verdict on the issue of attorney fees. Attorney fees are allowed as part of the damages under OCGA § 13-6-11 (Code Ann. § 20-1404) for bad faith, for being stubbornly litigious, or for causing the plaintiff unnecessary trouble and expense. "[T]he elements of bad faith which will authorize expenses of litigation in an ex contractu action are those acts relative to the conduct of entering into a contract or to the transaction and dealings out of which the cause of action arose [cits.], but do not have reference to the motive with which the defendant defends an action after a cause of action has occurred. [Cit.] . . . We construe 'transactions and dealings out of which the cause of action arose' to mean not only the negotiation and formulation of the contract, but also included is the performance of the contractual provisions." *Edwards-Warren Tire Co. v. Coble,* 102 Ga. App. 106, 113-114 (115 SE2d 852) (1960). There is no evidence here of bad faith in entering into the September agreement; however,

appellee points to appellant's refusal to pay her on the basis that she "didn't deserve it" as evidence of appellant's bad faith in carrying out the provisions or obligations of the contract. This evidence, undisputed by appellant, was sufficient to indicate that appellant had wilfully breached the agreement with express ulterior or sinister motives not prompted by an honest mistake as to his rights or duties under the agreement. *Coble,* supra. Since there was some evidence to support appellee's contention on the issue of bad faith, the trial court did not err in denying appellant's motion for directed verdict on the issue of attorney fees. *Midland-Ross Corp. v. Rosenthal,* 163 Ga. App. 905 (296 SE2d 67) (1982).

*Judgment affirmed. Quillian, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 28, 1983 —
REHEARING DENIED DECEMBER 14, 1983.

*Edward H. Kellogg, Jr., Alan Armstrong,* for appellant.
*Eve A. Appelbaum, Nicholas C. Moraitakis,* for appellee.