68893. GLEN RESTAURANT, INC. v. WEST et al.
(325 SE2d 781)

CARLEY, Judge.

This contract action has been the subject of a previous appeal. *Glen Restaurant v. West*, 163 Ga. App. 835 (296 SE2d 153) (1982). The instant appeal is taken from the judgment entered on a jury verdict for appellee-plaintiff and involves only the award of attorney fees pursuant to OCGA § 13-6-11. Appellant-defendant asserts that the trial court erred in denying its motions for directed verdict and for judgment n.o.v. as to that issue.

"The damages which may be awarded under [OCGA § 13-6-11]

for bad faith, for being stubbornly litigious, or for causing the opposite party unnecessary trouble and expense may not, in an *ex contractu* case, include a mere refusal to pay a debt, whether or not the justice of the debt is acknowledged. [Cits.] The bad faith referred to in the code is not bad faith in refusing to pay but bad faith in the transaction out of which the cause of action arises. [Cit.] 'In actions on contracts, attorney fees under [OCGA § 13-6-11] may only be awarded where the contract was entered into in bad faith by the defendant in the first instance, or was procured by fraud and deceit.' [Cit.]" *Jordan Bridge Co. v. I. S. Bailey, Jr., Inc.*, 164 Ga. App. 124, 125 (5) (296 SE2d 107) (1982). There was no evidence whatsoever to support a finding of such bad faith in the case at bar. "It should, however, be noted, as stressed in *Edwards-Warren Tire Co. v. Coble*, 102 Ga. App. 106 (115 SE2d 852) (1960) that while bad faith does not have reference to a simple refusal to pay a debt 'which results in requiring a party to employ counsel and institute legal action' (p. 112) or to the motive with which the defendant defends the action (p. 113) there may be bad faith in carrying out the provisions of the contract sufficient to support the award, and bad faith in a breach of contract *other than mere refusal to pay a just debt* may authorize the jury to award attorney fees, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. (p. 115)." (Emphasis in original.) *Jordan Bridge Co. v. I. S. Bailey, Jr., Inc.*, supra at 126.

There was evidence that, pursuant to an oral contract, appellee's worker arrived on a Friday to install certain equipment which appellee had previously had delivered to appellant's business. When the worker returned on the following Monday to continue the job, appellant's president informed him that he would have to leave because appellant had had the work completed by someone else during the intervening weekend. There was further evidence from which the jury could find that appellee had not been informed that such action would be taken by appellant, or that the need for immediate completion of the job had reached a state of urgency. However, there was no showing that appellant acted through ill will or furtive design with regard to the performance of the contract. Compare *St. Holmes v. St. Holmes*, 169 Ga. App. 283, 284 (2) (312 SE2d 370) (1983). Since there was no evidence from which a jury could find that the contract was made in bad faith or that appellant breached it as a result of some sinister motive, the award of attorney's fees cannot be sustained on the basis of bad faith. *Jordan Bridge Co. v. I. S. Bailey, Jr., Inc.*, supra; *Mut. Fed. Savings &c. Assn. of Atlanta v. Johnson*, 124 Ga. App. 68, 70 (183 SE2d 50) (1971).

Nor was there any evidence to support a finding of stubborn litigiousness or of causing appellee unnecessary trouble and expense. "A

mere refusal to pay a disputed claim is not the equivalent of stubborn litigiousness or causing unnecessary trouble and expense [Cits.] The key to the test is whether there is a 'bona fide controversy.' Where none exists, forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to 'unnecessary trouble and expense.' [Cit.]" *Franchise Enterprises v. Ridgeway*, 157 Ga. App. 458, 460 (2) (278 SE2d 33) (1981). The evidence in the instant case showed a dispute as to the terms of the oral contract between the parties. Additionally, as this court previously held, reasonable persons could differ as to whether the evidence showed abandonment of the contract. *Glen Restaurant v. West*, 163 Ga. App. 835, supra. Under such circumstances, it cannot be said that there was no "bona fide controversy" as contemplated by *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522 (191 SE2d 317) (1972).

Since there was no evidence which would authorize an award of attorney fees under the provisions of OCGA § 13-6-11, the trial court erred in failing to grant appellant's motions for directed verdict and for judgment n.o.v. on the issue of attorney fees.

*Judgment reversed as to attorney fees. McMurray, C. J., Banke, P. J., Birdsong, P. J., Sognier, Pope and Benham, JJ., concur. Deen, P. J., and Beasley, J., dissent.*

DECIDED NOVEMBER 28, 1984 —
REHEARING DENIED DECEMBER 20, 1984 —

*Joseph F. Page, Alan I. Seitman*, for appellant.
*Mitchell A. Gross*, for appellees.

BEASLEY, Judge, dissenting.

I respectfully dissent. The jury in this case resolved the issues regarding the terms of the oral contract in favor of the plaintiff, who was the provider of equipment and was to also provide installation. The jury also resolved the issue of abandonment of the contract in favor of plaintiff. By its verdict, it said yes, the restaurant did agree to have plaintiff do the job and then reneged without notice after he had had the equipment delivered and after he started installing it.

The evidence is also that the restaurant did not have the courtesy to give the provider a chance to finish the work, and earn the money promised, over the weekend if that was needed. Nor did it have the courtesy to call the provider to prevent him from scheduling the work for Monday and actually going out there to do it. So the plaintiff lost time and money by the restaurant's breach of the contract, and the jury could have found this to be deliberate.

Actually it is difficult to comprehend that it was not deliberate.

Plaintiff had had the equipment delivered and had started the installation when the weekend intervened. The jury was authorized to find that the restaurant did or should have expected plaintiff to come back and finish the installation. The evidence authorized it to find that the restaurant's breach was not in good faith and was instead in bad faith. Not quite cricket, so to speak. And that is precisely what it found, by its special verdict.

The jury, representing the conscience of the community, made a judgment that this kind of behavior ought not to be countenanced in the marketplace of their community. The wrongdoer should not be rewarded for it by being protected from having to pay the contractor's attorney fees when the latter seeks to right the wrong.

The jury had the opportunity to observe the witnesses and size up the situation. It was properly instructed on bad faith. Much involved in such a consideration is standards of behavior. We ought to give great deference to the jury's judgment in such regard.

There is evidence that the restaurant acted in bad faith in its dealings with the material and labor provider, with respect to the making and carrying out of this contract, if the provider is believed. The jury believed him. Its verdict should be upheld because it cannot be said to have erred as a matter of law.

I am authorized to state that Presiding Judge Deen joins in this dissent.