## A89A2299. McDONALD et al. v. WINN.
(390 SE2d 890)

McMurray, Presiding Judge.

Plaintiff, a builder, brought suit against defendants seeking damages in the amount of $19,555.95 for breach of a home construction contract. Plaintiff also sought expenses of litigation pursuant to OCGA § 13-6-11. Defendants denied any liability to plaintiff and counterclaimed, asserting plaintiff negligently constructed their home.

The case proceeded to trial and, following plaintiff's presentation of the evidence, defendants moved for a directed verdict with regard to plaintiff's expenses of litigation claim. The trial court granted defendants' motion. Thereafter, during defendants' presentation of the evidence, plaintiff sought the reconsideration of defendants' directed verdict motion and the trial court announced that it would charge the jury concerning expenses of litigation (thereby, in effect, denying defendants' motion for a directed verdict). The trial court so charged the jury and, following deliberations, the jury returned a verdict in favor of plaintiff and against defendants in the amount of $19,500 (representing general damages) and $9,500 (representing expenses of litigation). Judgment was entered accordingly and defendants moved for a new trial. In the meantime, plaintiff moved to require defendants to pay expenses pursuant to OCGA § 9-11-37 (c) on the ground that it was necessary for plaintiff to prove the genuineness of the written contract signed by the parties.

Following a hearing, the trial court denied defendants' motion for a new trial and granted plaintiff's motion to require defendants to pay expenses. With regard to the latter motion, however, the trial court ruled: "[B]ecause the award of expenses of litigation by the jury encompasses all of the expenses sought by Plaintiff in this motion, Defendants shall not be required to pay an additional amount of expenses under O.C.G.A. § 9-11-37 (c) because such would effect a duplication of expenses." Defendants appeal. *Held*:

1. Contending evidence needed to support the award of litigation expenses is lacking, defendants assign error upon the trial court's denial of their motion for a new trial and the trial court's charge regarding the recovery of bad faith damages. In our view, the trial court properly denied defendants' new trial motion and properly charged the jury regarding bad faith damages because the evidence was sufficient to permit the jury to find bad faith on the part of defendants.

OCGA § 13-6-11 provides for expenses of litigation "where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense." " '(T)he statutory bad faith must have arisen out of the transaction on which the cause of action is predicated rather than defendant's conduct in defending the case. (Cits.)' Id. '(B)ad faith . . . other than mere refusal

to pay a just debt may authorize the jury to award attorney fees, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive.' *Jordan Bridge Co. v. I. S. Bailey, Jr., Inc.*, 164 Ga. App. 124, 125 (296 SE2d 107) (1982). Our recent decision in *Glen Restaurant v. West*, 173 Ga. App. 204 (325 SE2d 781) (1984), recites that 'there may be bad faith in carrying out the provisions of the contract sufficient to support the award, . . .'" *Associated Software Consultants Organization v. Wysocki*, 177 Ga. App. 135, 136 (1) (338 SE2d 679).

In the case sub judice, we find that defendants denied the existence of a written contract, offering instead, an oral contract. We also find evidence that defendants procured a number of changes and upgrades and, shortly before the loan was closed, they refused to pay for them. In our view, these circumstances justify a finding of bad faith. *Hayes Constr. Co. v. Thompson*, 184 Ga. App. 482, 483 (2) (361 SE2d 865); *Associated Software Consultants Organization v. Wysocki*, 177 Ga. App. 135, 136, supra. Thus, it cannot be said that the trial court erred in denying defendants' motion for a new trial or in charging the jury regarding bad faith damages.

2. Defendants also contend the trial court erred in denying their motion for a new trial and charging the jury regarding bad faith damages because a bona fide controversy existed as to whether plaintiff properly completed the contract. This contention is without merit. If, as here, there is bad faith in the making or performance of the contract, attorney fees are authorized regardless of whether a bona fide controversy otherwise existed between the parties. See *Backus Cadillac-Pontiac v. Brown*, 185 Ga. App. 746, 747 (365 SE2d 540).

3. Next, defendants argue that the trial court erred in ultimately denying their motion for a directed verdict because evidence of bad faith was not adduced until defendants presented their case. In other words, defendants argue that their motion for a directed verdict was meritorious because plaintiff failed to introduce any evidence of bad faith before resting his case-in-chief. This argument does not withstand judicial scrutiny. "Even if the trial judge erroneously failed to direct a verdict at the conclusion of the plaintiffs' evidence if thereafter evidence be admitted without objection, which, when considered with evidence previously admitted, makes out a case in favor of the plaintiffs, and the jury under proper instructions renders a verdict for the plaintiffs, it would be substituting procedure and form for substance to say that the case ought to be reversed and a new trial granted. To establish such a rule would manifestly be contrary to the intent of the Civil Practice Act and of the Appellate Practice Act and also contrary to the rule which prevailed in this State with respect to motions for nonsuit under the former practice." *Young v. Wiggins*, 229 Ga. 392 (1) (191 SE2d 863). Accord *Able-Craft v. Bradshaw*, 167

Ga. App. 725, 726 (1) (307 SE2d 671).

4. Without citation of authority, defendants assert that an award of expenses of litigation pursuant to OCGA § 13-6-11 must be limited to an amount pertaining to a particular issue. Thus, defendants would have us rule, for example, that if they were in bad faith in denying the existence of the written agreement, only those expenses incurred in connection with proof of the written agreement should be awarded. We find no such limitation in OCGA § 13-6-11 and we will not impose one. In our view, a party acting in bad faith should pay the full price for losing. See generally *Buffalo Cab Co. v. Williams*, 126 Ga. App. 522, 525 (191 SE2d 317).

5. Defendants contend the trial court erred in granting plaintiff's motion to require defendants to pay expenses pursuant to OCGA § 9-11-37 (c). This contention is without merit. Although the trial court granted plaintiff's motion, it did not award plaintiff additional expenses of litigation pursuant thereto. Accordingly, any error in granting plaintiff's motion must be deemed harmless. See generally *Steed v. Steel Prods. Mfg. Co.*, 152 Ga. App. 350, 352 (3) (262 SE2d 616).

*Judgment affirmed. Carley, C. J., and Beasley, J., concur.*

DECIDED FEBRUARY 9, 1990.

*Jack F. Witcher, John E. Gilchrist*, for appellants.
*Jeffrey B. Talley & Associates, Jeffrey B. Talley*, for appellee.