A94A0393. FREYERMUTH v. CHON et al.
(443 SE2d 636)

BIRDSONG, Presiding Judge.

Brian Keith Freyermuth appeals from a judgment, based upon a jury verdict, in favor of Yung Il Chon. Appellant's sole enumeration of error asserts that the trial court erred by denying his motions for a directed verdict made at the close of Chon's case and at the close of the evidence.

Chon asserted claims for damages incurred when he was injured in an automobile collision, and Freyermuth's defense was based upon intervening cause, failure of Chon to exercise ordinary care for his own safety, and Chon's assumption of the risk. After the jury found for Chon, Freyermuth filed this appeal. *Held*:

Contrary to Freyermuth's assertion, he is not entitled to a de novo review of this issue. The standard of appellate review of the trial court's denial of a motion for directed verdict in a civil case is the "any evidence" standard. *Miller v. Economy Trading &c.,* 193 Ga. App. 344, 345 (387 SE2d 620). Thus, Freyermuth is not entitled to a

directed verdict if any evidence supported Chon's claims. It is not enough that the evidence might support a verdict in favor of Freyermuth; there must be no evidence of any kind supporting Chon's position. *Moore v. American Suzuki Motor Corp.*, 203 Ga. App. 189 (416 SE2d 807).

Further, in considering whether the trial court erred by denying Freyermuth's motion for a directed verdict, this court must review and resolve the evidence and any doubt or ambiguity in favor of the verdict; a directed verdict is not authorized unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, demands a verdict in favor of Freyermuth. OCGA § 9-11-50 (a); *Southern Store &c. Co. v. Maddox*, 195 Ga. App. 2, 3 (392 SE2d 268). Further, in ruling on such a motion, the trial court is not authorized to weigh the evidence or decide issues of fact. *Moore v. American Suzuki Motor Corp.*, supra.

Viewed in support of the verdict, the evidence shows that one night Freyermuth was driving in the left lane for traffic in his direction on a highway with two lanes of traffic in either direction and a center turn lane. At the time, however, barrels blocked the center lane because of construction on the road. When Freyermuth attempted to pull into the right lane, he could not because of another car. As he was traveling too fast to stop his car before hitting the traffic stopped in his lane of traffic, he hit the car in front of him and one of the construction barrels. The barrel was knocked across the center lane and across a lane of traffic in the other direction before it struck and lodged under the front of Chon's car that was traveling in the curb lane for traffic in the other direction. Because the barrel was jammed under it, Chon's car stopped and he could not move it. After he turned on his flashing emergency lights, he looked for other traffic before he got out of his car, and walked to the front of his car to look at the barrel jammed under his car. Shortly thereafter, Chon was injured when his car was struck from the rear by another car and the force of the collision knocked Chon's car into him.

Reduced to its simplest terms, Freyermuth contends this evidence showed that Chon's injuries were not caused until Chon's car was knocked into him by the other car; therefore, Freyermuth is not liable. He argues that whether considered as issues of intervening negligence of the other party, the failure of Chon to exercise ordinary care, or Chon having assumed the risk, a proximate cause analysis of the evidence must lead to the conclusion that the chain of causation between Freyermuth's negligence and Chon's injuries was broken.

The defect in this argument, however, is that to reach the result for which Freyermuth calls, the trial court must weigh the evidence, which in this case is at best conflicting on the issues necessary to support the defenses Freyermuth asserts. Because we cannot say that the

evidence summarized above demands a verdict for Freyermuth on any of these defenses or that there is no evidence supporting Chon's claims, we will not cite and analyze the legion of cases holding that the defenses Freyermuth asserts present jury issues in all but the most extraordinary cases. Accordingly, given the posture of the evidence, the trial court did not err by denying the motions for directed verdicts.

*Judgment affirmed. Cooper and Blackburn, JJ., concur.*

DECIDED APRIL 7, 1994.

*Harper, Waldon & Craig, Russell D. Waldon, Hilliard V. Castilla,* for appellant.

*Finch, McCranie, Brown & Thrash, David E. Naylor, Jane C. Taylor,* for appellees.