A94A2778, A94A2779. CITIZENS & SOUTHERN TRUST COMPANY et al. v. HICKS; and vice versa.
(454 SE2d 207)

JOHNSON, Judge.

James E. Hicks sued the estate of his former employer for breach of the termination provisions of his employment contract. In Case No. A94A2778, Citizens & Southern Trust Company (C & S) and Richard N. Hubert, co-executors of the estate of O. C. Hubert, appeal the trial court's judgment entered on the jury verdict awarding Hicks $179,063 under the contract and $57,160 in attorney fees and litigation costs. Hicks brings a cross-appeal in Case No. A94A2779.

The contract at issue provided for Hicks' employment by O. C. Hubert as manager of his extensive real estate holdings for a three-year term from March 1, 1986, through February 28, 1989. O. C. Hubert died on June 2, 1986. C & S was appointed temporary administrator in August 1986, and Hicks continued to occupy his office until October 1, 1986, although he received no salary after July 22, 1986.

*Case No. A94A2778*

1. The co-executors of the estate contend the trial court's denial of their motion for directed verdict on Hicks' claim for breach of contract was error, arguing that the parties' contract for personal services terminated as a matter of law upon the death of O. C. Hubert.

"From the very nature of a contract for the rendition of personal services to a [sole proprietorship] in its current business, *where nothing is expressed to the contrary*, both parties should be regarded as having by implication intended a condition dependent, on the one hand, upon the life of the employe[e], and on the other, upon the life of the [proprietorship]." (Emphasis supplied.) *Griggs v. Swift*, 82 Ga. 392, 395 (9 SE 1062) (1889).

Article III of the contract provides, "The Employer may terminate the Employee at any time upon giving of one year's severance pay, including the next year's scheduled bonus, in advance during the first year of employment. . . . *Should Employer be incapacitated or be deceased and Employer's representative terminate the Employee, said one year's severance pay . . . shall be payable from Employer's funds or estate.*" (Emphasis supplied.) In describing the employee's duties and providing for his supervision, the contract expressly contemplates that should O. C. Hubert be incapacitated, his son Richard N. Hubert was authorized to act as his substitute under the contract. Construing the whole contract to effect the intent of the parties, the trial court properly denied the co-executors' motion for directed verdict. The contract's arguable internal inconsistency as to the effect of O. C. Hubert's death, as opposed to his incapacity, precludes the grant of a directed verdict on the breach of contract claim. *Freyermuth v. Chon*, 212 Ga. App. 845, 846 (443 SE2d 636) (1994).

2. C & S and Richard Hubert maintain the trial court erred in denying their motion for a directed verdict on Hicks' claim that they breached the employment contract in bad faith and are therefore liable for attorney fees under OCGA § 13-6-11. C & S and Hubert argue their mere refusal to pay any debt owed to Hicks under the contract is insufficient to support the award of attorney fees. "OCGA § 13-6-11 provides for expenses of litigation where the defendant has acted in bad faith. . . . The statutory bad faith must have arisen out of the transaction on which the cause of action is predicated rather than defendant's conduct in defending the case. Bad faith other than mere refusal to pay a just debt may authorize the jury to award attorney fees, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. . . . [T]here may be bad faith in carrying out the provisions of the contract sufficient to support the award." (Citations and punctuation omitted.) *McDonald v. Winn*, 194 Ga. App. 459, 460 (1) (390 SE2d 890) (1990).

Contrary to the co-executors' argument, the fact that they breached the employment contract by refusing to pay Hicks does not automatically mandate that Hicks cannot recover attorney fees. C & S and Hubert can be held liable for attorney fees if they committed the breach in bad faith. In that case, the bad faith would arise out of the transaction supporting Hicks' cause of action, the contract breach, rather than merely out of the co-executors' defense of the action. *Edwards-Warren Tire Co. v. Coble*, 102 Ga. App. 106, 111-116 (2) (115 SE2d 852) (1960). Hicks presented some evidence that the co-executors did not merely refuse to pay him in good faith. Compare *Mallory v. Daniel Lumber Co.*, 191 Ga. App. 234, 236 (2) (381 SE2d 406) (1989); *Ostrom v. Kapetanakos*, 185 Ga. App. 728, 730 (365

SE2d 849) (1988). The jury could have found from the evidence that the co-executors' refusal to pay was not based on a good faith construction of the employment contract, but was an attempt to defeat the clear intent of O. C. Hubert and Hicks. The jury also could have found some evidence that the co-executors ceased paying Hicks, not because they actually believed he was not entitled to payment, but as a tactic in opposition to the filing of O. C. Hubert's will for probate.

"The question of attorney fees under OCGA § 13-6-11 is a question for the jury. [Cit.] The standard of review of an award of attorney fees under OCGA § 13-6-11 is whether there is any evidence to support the award. [Cit.]" *Spring Lake Property Owners Assn. v. Peacock*, 260 Ga. 80, 81 (390 SE2d 31) (1990). Because there is some evidence in the instant case to support the jury's finding that the co-executors breached the contract in bad faith, the award of attorney fees must be upheld.

3. Finally, C & S and Richard Hubert contend that the trial court erred in refusing to give their requested jury charges on impossibility of performance. Our review of the record discloses that the court's entire charge included the defense of impossibility of performance in the context of OCGA § 53-7-9, the statute setting out the rights and duties of an estate administrator with respect to the decedent's executory contracts. Moreover, the requested charges were not adjusted to the evidence since the employment contract at issue in this case, unlike the situation in *Griggs v. Swift*, supra, contains some evidence that the parties contemplated that its termination provisions would be carried out in the event of O. C. Hubert's death.

### Case No. A94A2779

4. In his cross-appeal, Hicks enumerates as error the trial court's limiting his recovery of damages to that specified in the severance provisions of the employment contract. Hicks argues that the executors having insisted that the estate neither employed Hicks nor "terminated" his employment under the contract, the measure of damages must be the full value of the contract.

Hicks testified that he entered O. C. Hubert's employ only after having negotiated to protect himself against his septuagenarian employer's incapacity or death by the contract's severance provisions. Whether the estate's representative expressly "terminated" Hicks' employment under the contract does not control his measure of damages for breach of the agreement. The jury having found the agreement to have been breached, Hicks' damages are properly limited to those recoverable under the contract. See *Victory Sign Indus., Ltd. v. Potter*, 208 Ga. App. 570 (430 SE2d 882) (1993).

5. Hicks' complaint that the trial court improperly ordered him

to pay half of the cost of preparing the record on appeal is without merit. OCGA § 5-6-38 (b).

*Judgments affirmed. Beasley, C. J., and Andrews, J., concur.*

DECIDED FEBRUARY 17, 1995 —

*Powell, Goldstein, Frazer & Murphy, John T. Marshall, William V. Custer IV,* for appellants.

*Curtis R. Boren,* for appellee.