A95A0462. BURLINGTON AIR EXPRESS, INC. v. GEORGIA-PACIFIC CORPORATION et al.

(457 SE2d 219)

SMITH, Judge.

This is the second appearance of this case before us. In *Burlington Air Express v. Ga.-Pacific Corp.*, 211 Ga. App. 113 (438 SE2d 97) (1993) (*Burlington I*), this court affirmed a grant of partial summary judgment to Georgia-Pacific for compensatory damages for breach of contract, including pre-judgment interest. The issue of Burlington's liability for attorney fees was reserved for determination at trial. Burlington now seeks review of the court's final judgment, entered following a bench trial, awarding to Georgia-Pacific its litigation expenses and attorney fees in the amount of $25,295.35.

Burlington contends the trial court erred by denying its motion for directed verdict on the claim for attorney fees under OCGA § 13-6-11 and awarding attorney fees to Georgia-Pacific. Burlington argues its refusal to pay in excess of $500 for Georgia-Pacific's claims was founded on a bona fide defense; it further maintains that the attorney fees award should be vacated because it was based on inadmissible evidence concerning settlement negotiations between the parties.

" 'The issue of attorney fees under OCGA § 13-6-11 is a question for the (factfinder) and an award will be upheld if any evidence is

presented to support the award. (Cit.)' [Cit.]" *Leventhal v. Seiter*, 208 Ga. App. 158, 164 (7) (430 SE2d 378) (1993). "OCGA § 13-6-11 provides for expenses of litigation 'where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense.' " *McDonald v. Winn*, 194 Ga. App. 459 (1) (390 SE2d 890) (1990). Bad faith warranting an award of attorney fees "must have arisen out of the transaction on which the cause of action is predicated." Id. Moreover, we have noted that "there may be bad faith in carrying out the provisions of the contract sufficient to support the award." *Jordan Bridge Co. v. I. S. Bailey, Jr., Inc.*, 164 Ga. App. 124, 126 (5) (296 SE2d 107) (1982). Finally, "[d]espite the existence of a bona fide controversy as to liability, a [factfinder] may find that defendant 'acted in the most atrocious bad faith in his dealing with the plaintiff.' [Cits.]" *Fidelity Nat. Bank v. Kneller*, 194 Ga. App. 55, 63 (3) (390 SE2d 55) (1989).

The underlying litigation in this case arises from Burlington's handling, as self-insurer, of claims by Georgia-Pacific and BTL Specialty Resins for the declared value of five lost shipments of scrap silver screen sent via Burlington Air Express to a refinery in Massachusetts to be refined and ultimately reused in the manufacture of formaldehyde. Despite having collected extra value charges for four of the five insured shipments, Burlington refused to pay their declared value on the basis of a tariff restriction in small print on the back of the airbills that limits the carrier's liability for shipments of "precious metals" to $500. See *Burlington I*, supra at 114-115 (2). Georgia-Pacific and BTL were not made aware of the tariff restrictions before shipment and were not provided a copy of the tariff itself until well after Burlington had denied liability in excess of $500 on each claim. Id.

The small print on the back of the airbills also provided that shipments of manufactured articles or components containing precious metals with a functional rather than a decorative or ornamental use would be accepted with a maximum declared value of $25,000. The trial court found that Burlington exhibited bad faith when it attempted to limit to $500 its liability for Georgia-Pacific's lost shipments of scrap silver screen as "precious metals" without reference to the possible applicability of this exception for nondecorative precious metals. The court also found Burlington caused Georgia-Pacific unnecessary trouble and expense in litigation, warranting the recovery of attorney fees, by continuing to rely on the tariff's limitation of liability to less than the declared value of Georgia-Pacific's shipments in the face of clear legal authority in the Eleventh Circuit prohibiting such limitations unless the shipper was made specifically aware the tariff restrictions were incorporated in the carrier contract.

Our review of the record reveals evidence supporting the trial

court's finding that Burlington exhibited bad faith by attempting to limit its liability for each of the five shipments to $500 under its tariff without disclosure of the tariff's terms to the shipper. Although Burlington maintains the correspondence between it and Georgia-Pacific regarding the shipper's attempt to recover the declared value of its lost cargo concerned settlement negotiations and was therefore inadmissible, the correspondence evidences the carrier's bad faith in carrying out the terms of the carrier contract between the parties and is admissible for that purpose. See *Ostroff v. Coyner*, 187 Ga. App. 109, 116 (5) (369 SE2d 298) (1988). Since the record contains some evidence of bad faith, Burlington's argument regarding the existence of a bona fide controversy is irrelevant. *Kneller*, supra.

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED APRIL 5, 1995 —
RECONSIDERATION DENIED APRIL 24, 1995 — 

*Clark & Clark, Fred S. Clark*, for appellant.
*Parker, Johnson, Cook & Dunlevie, Everett W. Gee III, G. William Long III*, for appellees.