A97A0343. YOUNG v. A. L. ANTHONY GRADING COMPANY, INC.

(484 SE2d 318)

BEASLEY, Judge.

A. L. Anthony Grading Company sued Young for $13,616.75, the balance allegedly due for services rendered, plus attorney fees pursuant to OCGA § 13-6-11. The appeal focuses on the award of attorney fees, the jury having found that defendant acted in bad faith.

Plaintiff agreed to rebuild a leaking dam in a pond owned by defendant Young. According to plaintiff's principal stockholder, A. L. Anthony, the parties did not have a written contract, but Young agreed to pay hourly charges for labor and equipment in accordance with a price schedule provided by plaintiff. Young admitted receiving it.

Anthony and several of plaintiff's employees testified that Young provided the instructions as to how the dam was to be rebuilt. Anthony testified that Young "told me that he had had somebody else out there, and they wouldn't do anything like he wanted done, and he wanted it done like he wanted it done. . . . We put it in his way, the way he told me to." Anthony further testified that when he tried to collect the balance due, Young made excuses but had no complaint concerning the work performed.

Young testified that he did not state how he wanted the work done but rather relied on plaintiff's expertise. According to Young, Anthony told him that if he could not repair the dam, Young would owe nothing. He testified that the dam had not been repaired, it still leaked and it was in worse condition than before. Young acknowledged that when Anthony came to his home on several occasions seeking payment, he did not complain about the work. He explained that he was unaware the pond was leaking at that time.

The court partially granted defendant Young's motion for directed verdict as to the attorney-fee claim, ruling that a bona fide controversy existed and thus defendant had not been stubbornly litigious or caused plaintiff unnecessary trouble and expense. The court denied the motion as to the issue of bad faith, based on its determination that a jury could find bad faith by defendant in carrying out the provisions of the parties' contract. It so instructed the jury and afterward noted that both sides objected to the charge, plaintiff because the two alternative bases were omitted and defendant because it was given at all.

The jury awarded plaintiff $13,612.75 in compensatory damages and $1,435 in attorney fees, which the court reduced to judgment. Defendant Young enumerates as error the denial of his motion for directed verdict as to attorney fees based on bad faith.

Before 1984, OCGA § 13-6-11 authorized the recovery of attorney fees where the defendant had acted in bad faith "in making the contract." A 1984 amendment deleted the limiting phrase, thereby broadening the circumstances of bad faith for which attorney fees are recoverable.

"Bad faith warranting an award of attorney fees 'must have arisen out of the transaction on which the cause of action is predicated.' [Cit.]" It may be found in defendant's " 'carrying out the provisions of the contract,' " that is, in how defendant " ' "acted . . . in his dealing with the plaintiff." ' " *Burlington Air Express v. Ga.-Pacific Corp.*, 217 Ga. App. 312, 313 (457 SE2d 219) (1995). " 'Bad faith other than mere refusal to pay a just debt' " is sufficient, " 'provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. . . .' [Cit.]" *C & S Trust Co. v. Hicks*, 216 Ga. App. 338, 339 (2) (454 SE2d 207) (1995). So defendants "can be held liable for attorney fees if they committed the breach in bad faith." Id.

Even in *Glen Restaurant v. West*, 173 Ga. App. 204, 205 (325 SE2d 781) (1984), cited by defendant both below and here, the Court acknowledged that a jury could award attorney fees on evidence of " 'bad faith in carrying out the provisions of the contract' " and "bad faith in a breach of contract *other than mere refusal to pay a just debt* . . . provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive.' " (Emphasis in original.) The award of attorney fees was reversed because the majority of the appellate court found no evidence that defendant "acted through ill will or furtive design with regard to the performance of the contract." It equated this with "sinister motive." Bad faith prompted by some *interested* motive is also sufficient, as stated in the cases *Glen Restaurant* quotes. They take this meaning from Black's Law Dictionary.

Evidence authorized the jury to find that defendant Young controlled the manner and method of the work performed and was fully aware that he owed plaintiff an hourly charge for the work done regardless of the results. Although he testified that he was not to owe plaintiff anything if the dam was not repaired, it is uncontested that he paid part of the debt. The evidence supports a finding that Young's refusal to pay the full amount was not based on an honest mistake as to either his or plaintiff's contractual duties but rather constituted a breach of contract committed in bad faith. The jury could find that he wanted the job performed his way, but when its result was not to his

satisfaction, he blamed plaintiff. Thus the award of attorney fees must be affirmed. *Burlington Air Express,* supra; *C & S Trust Co.,* supra.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

DECIDED MARCH 18, 1997.

*Charles E. Day,* for appellant.
*Stephen L. Noel,* for appellee.