A97A1679. SASS v. FIRST NATIONAL BANK OF CHEROKEE.
(491 SE2d 76)

BLACKBURN, Judge.

First National Bank of Cherokee (the bank) brought the underlying action to recover on a promissory note executed by the defendant Gray W. Sass. The jury returned a verdict for the bank on the note and awarded the bank $52,234.77 as expenses of litigation. Sass appeals the jury's award of attorney fees under OCGA § 13-6-11 contending that it was not supported by the evidence.

"The question of attorney fees under OCGA § 13-6-11 is a question for the jury. The standard of review of an award of attorney fees under OCGA § 13-6-11 is whether there is any evidence to support the award." (Citation and punctuation omitted.) *C & S Trust Co. v. Hicks*, 216 Ga. App. 338, 340 (2) (454 SE2d 207) (1995).

1. Initially, Sass contends that no evidence of bad faith was presented to the jury and that a bona fide controversy existed over the bank's right to recover attorney fees pursuant to OCGA § 13-6-11. Such Code section provides that "[t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

"A plaintiff may recover for bad faith concerning the transactions and dealings out of which the cause of action arose. OCGA § 13-6-11. A bona fide controversy within the contemplation of the code section pertains solely to the issue of stubborn litigiousness or causing the plaintiff unnecessary trouble and expense. Despite the existence of a bona fide controversy as to liability, a jury may find that defendant acted in the most atrocious bad faith in his dealing with the plaintiff.

The question is whether there was bad faith concerning the transactions and dealings out of which the cause of action arose." (Citations and punctuation omitted.) *Stargate Software Intl. v. Rumph*, 224 Ga. App. 873, 878 (4) (482 SE2d 498) (1997).

Sass asserts that mere refusal to pay a just debt is insufficient to support the award of attorney fees under OCGA § 13-6-11. Although Sass' statement of law is correct, it does not go far enough. "Bad faith other than mere refusal to pay a just debt may authorize the jury to award attorney fees, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. There may be bad faith in carrying out the provisions of the contract sufficient to support the award." (Punctuation omitted.) *C & S Trust Co.*, supra at 339 (2). We have previously upheld awards pursuant to OCGA § 13-6-11 which arose out of the defendant's actions in breaching the contract, i.e., where the refusal to pay a debt was not made in good faith but was an attempt to defeat the clear intent of the contract. See id.

In the present case, Sass contended that he did not sign the promissory note. However, the bank presented evidence that Sass made at least five payments on the note directly to the bank. The bank's officer who made the loan testified that he witnessed Sass sign the note. Stuart Tasman, a director of the bank, testified that he called Sass and requested that Sass co-sign on the note. Sass agreed. Tasman testified that when Sass called him for lunch one day, Sass indicated he was at the bank signing the note. Additionally, both the bank's handwriting expert and Sass' document expert testified that the signature on the note was Sass' signature.

Under these facts, the jury could have disbelieved Sass' testimony and found that his refusal to pay the note was not in good faith. The jury could have found that Sass' bad faith arose out of the transaction which supported the bank's complaint, i.e., Sass' breach of his agreement to pay the note. See id.

2. Sass argues in his brief that as the note provided for attorney fees of 15 percent in the event an attorney is hired to collect the note due to nonpayment, attorney fees pursuant to OCGA § 13-6-11 should not be recoverable. This issue was raised in the trial court, and the court reserved its ruling. When the trial court later ruled to submit the issue of OCGA § 13-6-11 attorney fees to the jury, Sass failed to object. Nor did Sass properly enumerate this issue on appeal. Sass' enumeration of error addresses itself solely to whether sufficient evidence to support attorney fees was presented to the jury. It does not raise the issue of whether such fees were appropriate in light of the contract language for attorney fees. Therefore, the alleged error was waived by Sass' failure to enumerate it. See *Mom Corp. v. Chattahoochee Bank*, 203 Ga. App. 847, 849 (3) (418 SE2d 74) (1992).

*Judgment affirmed. Pope, P. J., and Johnson, J., concur.*

DECIDED JULY 24, 1997 —
RECONSIDERATION DENIED AUGUST 6, 1997.

*Kitchens, Kelley & Gaynes, Mark A. Kelley, Jesus A. Nerio*, for appellant.
*Quirk & Quirk, Martin G. Quirk, Kevin E. Quirk*, for appellee.