A05A1980. STEEL MAGNOLIAS REALTY, LLC v. BLEAKLEY.
(622 SE2d 481)

BLACKBURN, Presiding Judge.

Steel Magnolias Realty, LLC sued Timothy Bleakley seeking liquidated damages for breach of contract and seeking attorney fees pursuant to OCGA § 13-6-11. The trial court granted Steel Magnolias's motion for summary judgment as to its breach of contract claim but denied that Steel Magnolias was entitled to attorney fees as a matter of law. Steel Magnolias appeals this denial. For the reasons set forth below, we affirm and remand.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from either a grant or a denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *CSX Transp. v. Deen*.[1]

So construed, the evidence shows that on March 9, 2003, Steel Magnolias entered into an Exclusive Seller Listing Agreement ("Agreement") with Bleakley for the sale of his home. The Agreement was for a six-month term and stated that upon the sale of his home, Bleakley would pay Steel Magnolias a commission of six percent of the purchase price of the home due no later than at closing. The Agreement also provided, "[i]n the event that Seller sells or contracts to sell the Property to any buyer introduced to the Property by Broker within ninety (90) days after the expiration of the Listing Period, then Seller

---

[10] *Trust Co. Bank of Augusta v. Henderson*, 258 Ga. 703 (1) (373 SE2d 738) (1988).

[1] *CSX Transp. v. Deen*, 269 Ga. App. 641 (605 SE2d 50) (2004).

shall pay the commission referenced above to Broker at the closing of the sale or exchange of the Property."

While the Agreement was in effect, Thompson, a prospective buyer, contacted Steel Magnolias to inquire about the home. Sometime after July 31, 2003, Bleakley paid Steel Magnolias to have the advertisements withdrawn and the Agreement terminated. Although disputed by Bleakley, according to Steel Magnolias, it informed Bleakley that withdrawing the advertisements would not relieve him of his contractual obligations. On October 29, 2003, Bleakley sold his home to Thompson but did not pay Steel Magnolias the commission referenced in the Agreement despite the sale occurring within 90 days of both the original expiration date of the Agreement and the purported early termination.

Steel Magnolias filed a complaint seeking damages for breach of contract and attorney fees pursuant to OCGA § 13-6-11 and, after Bleakley answered, moved for summary judgment on these same issues. The trial court granted Steel Magnolias's motion as to Bleakley's liability and damages for breach of contract. The court, however, denied summary judgment on the issue of attorney fees, holding that there were material issues of fact. This appeal followed.

1. Steel Magnolias first contends that the trial court erred in denying summary judgment on the issue that it was entitled to attorney fees as a matter of law because Bleakley acted in bad faith. We disagree and affirm.

Attorney fees pursuant to OCGA § 13-6-11 may be recovered where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense. *Gray v. King*.[2] Questions concerning these issues are generally questions for the jury to decide. *Garrett v. Women's Health Care of Gwinnett*.[3] With regard to the bad faith prong of the statute, we have held that

> [b]ad faith warranting an award of attorney fees must have arisen out of the transaction on which the cause of action is predicated. It may be found in defendant's carrying out [of] the provisions of the contract, that is, in how defendant acted in his dealing with the plaintiff. Bad faith other than mere refusal to pay a just debt is sufficient, provided it is not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive.

[2] *Gray v. King*, 270 Ga. App. 855, 857 (2) (a) (608 SE2d 320) (2004).
[3] *Garrett v. Women's Health Care of Gwinnett*, 243 Ga. App. 53, 54-55 (1) (532 SE2d 164) (2000).

(Citations and punctuation omitted.) *Young v. A. L. Anthony Grading Co.*[4] Moreover, bad faith, as contemplated by OCGA § 13-6-11, does not encompass bad faith in defending a claim after a cause of action has already arisen. See *Artzner v. A & A Exterminators.*[5]

Although there was undisputed evidence of Bleakley's breach through his failure to pay the commission, there was only disputed or no evidence that the contract was made in bad faith or that Bleakley's breach was the result of a sinister motive as a matter of law. See *Pulte Home Corp. v. Woodland Nursery &c.*[6]

Furthermore, we disagree with Steel Magnolias's contention that this case is analogous to our decision in *Ryland Group v. Daley.*[7] In *Ryland Group*, we held that there was evidence of bad faith supporting an award of attorney fees where defendant attempted to force a resolution of a separate disagreement with plaintiff as a condition precedent to performing repairs on plaintiff's home that defendant knew it was already obligated to perform. Id. at 500 (3). Here, there are only disputed allegations that Bleakley may have realized that his failure to pay the commission was in breach of the Agreement. "A recovery of OCGA § 13-6-11 attorney's fees in a contract action must be based upon evidence which shows more than a mere breach of contract." (Punctuation and emphasis omitted.) *Pulte Home Corp.*, supra. Thus, the trial court did not err in denying summary judgment to Steel Magnolias on the issue that attorney fees were warranted because Bleakley acted in bad faith as a matter of law.

2. Steel Magnolias also contends that the trial court erred in denying summary judgment on the issue that it was entitled to attorney fees as a matter of law because Bleakley was stubbornly litigious and caused Steel Magnolias unnecessary trouble and expense. Again, disputed evidence supported the trial court's denial.

A recovery of attorney fees under OCGA § 13-6-11 for stubborn litigiousness or for causing the plaintiff unnecessary trouble and expense is authorized where the evidence reveals no bona fide controversy or dispute with regard to the defendant's liability. *Toncee, Inc. v. Thomas;*[8] *Pulte Home Corp.*, supra at 457 (4). "But where a bona fide controversy exists, a recovery under this Code section is impermissible unless there is evidence that the defendant has acted in bad faith in the underlying transaction." *Grange Mut. Cas. Co. v.*

[4] *Young v. A. L. Anthony Grading Co.*, 225 Ga. App. 592, 593 (484 SE2d 318) (1997).

[5] *Artzner v. A & A Exterminators*, 242 Ga. App. 766, 773 (4) (531 SE2d 200) (2000).

[6] *Pulte Home Corp. v. Woodland Nursery &c.*, 230 Ga. App. 455, 458 (4) (496 SE2d 546) (1998).

[7] *Ryland Group v. Daley*, 245 Ga. App. 496 (537 SE2d 732) (2000).

[8] *Toncee, Inc. v. Thomas*, 219 Ga. App. 539, 542 (3) (466 SE2d 27) (1995).

*Kay.*[9] See *Latham v. Faulk;*[10] *Ryland Group,* supra at 499 (3). "While issues of stubborn litigiousness are normally for the jury, if there is a bona fide controversy, there can be no stubborn litigiousness as a matter of law." (Punctuation and emphasis omitted.) *Grange Mut. Cas. Co.,* supra. See *Carter v. Allstate Ins. Co.*[11]

Bleakley denied that he breached any legal or equitable duties owed to Steel Magnolias. He further denied Steel Magnolias's allegation that its broker made it clear that discontinuing the advertising would not relieve him from his contractual obligations. Steel Magnolias argues that there is no bona fide controversy as a matter of law because regardless of whether its broker informed Bleakley that his contractual obligations would remain despite early withdrawal of the advertisements, the sale of his home within 90 days of this purported early termination of the Agreement would still constitute a breach. While this is true as to the breach issue, the factual dispute as to Bleakley's understanding of his obligations certainly is relevant to the issue of litigiousness. As we view the facts and all reasonable inferences therefrom in favor of the nonmovant, a bona fide controversy therefore existed regarding whether or not Bleakley was stubbornly litigious. Thus, the trial court did not err in denying summary judgment to Steel Magnolias on the issue of whether an award of attorney fees was warranted on the grounds that Bleakley was stubbornly litigious or caused Steel Magnolias unnecessary trouble and expense as a matter of law. See *Grange Mut. Cas. Co.,* supra; *Carter,* supra.

Accordingly, we affirm the trial court's ruling and remand this case for disposition of the issue of whether attorney fees are warranted pursuant to OCGA § 13-6-11.

*Judgment affirmed and case remanded. Miller and Bernes, JJ., concur.*

DECIDED OCTOBER 31, 2005.

*Craig M. Frankel,* for appellant.
*Gerber & Gerber, Lowell C. Chatham,* for appellee.

---

[9] *Grange Mut. Cas. Co. v. Kay,* 264 Ga. App. 139, 144 (5) (589 SE2d 711) (2003).
[10] *Latham v. Faulk,* 265 Ga. 107, 108 (2) (454 SE2d 136) (1995).
[11] *Carter v. Allstate Ins. Co.,* 197 Ga. App. 738, 743 (4) (399 SE2d 500) (1990).